GEORGIA, MUSCOGEE COUNTY
SUPERIOR/STATE COURT
eFILED
12/22/2021 12:06 PM
DANIELLE F. FORTE, CLERK

## IN THE SUPERIOR/STATE COURT OF MUSCOGEE COUNTY

## STATE OF GEORGIA

Vickie Benton

CASE ACTION NUMBER SC2021CV001593

PLAINTIFF

VS.

Wal-Mart Real Estate Business Trust

1209 N Orange Street

Wimlington, DE 19801-1120

DEFENDANT

**SUMMONS**

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Michael R. Braun

445 Franklin Gateway SE

Marietta, Ga 30067       —

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____22nd_____ day of _____DECEMBER_____, ___2021___.

Clerk of Superior Court/State Court

By: ___/s/ Desiree Davis___

Deputy Clerk

**EXHIBIT C**

GEORGIA, MUSCOGEE COUNTY
SUPERIOR/STATE COURT
eFILED
12/22/2021 11:05 AM
DANIELLE F. FORTE, CLERK

## IN THE STATE COURT OF MUSCOGEE COUNTY
## STATE OF GEORGIA

VICKIE BENTON,                          :
                                        :
       Plaintiff,                       :
                                        :          **CIVIL ACTION FILE**
vs.                                     :
                                        :          No. SC2021CV001593
                                        :
SAM'S EAST, INC., WAL-MART              :
STORES EAST, LP.,WAL-MART               :
STORES, INC., SAM'S REAL ESTATE         :
BUSINESS TRUST, WAL-MART REAL           :
ESTATE BUSINESS TRUST, JOHN             :
DOE,  ABC CORPORATION 1, and            :
ABC CORPORATION 2,                      :
                                        :
       Defendants.                      :
                                        :

### COMPLAINT FOR DAMAGES

COMES NOW Vickie Benton, Plaintiff in the above-styled action, and hereby makes the

following Complaint for Damages and shows the Court as follows:

1.

Defendant, Sam's East, Inc. is a Foreign Corporation, conducting business in the State of

Georgia, and may be served with process through their registered agent for service, to wit:

Corporation Process Company, 106 Colony Park Drive, Suite 800-B, Cumming, GA 30040-

2794. Defendant Sam's East, Inc., is subject to the jurisdiction and venue of this Court.

2.

Defendant, Wal-Mart Stores East, LP, is a Foreign Corporation, conducting business in the

State of Georgia, and may be served with process through their registered agent for service, to wit:

Corporation Process Company, 106 Colony Park Drive, Suite 800-B, Cumming, GA 30040-

2794. Defendant Wal-Mart Stores East, LP, is subject to the jurisdiction and venue of this Court.

3.

Defendant Wal-Mart Stores, Inc. is a Foreign Corporation, conducting business in the State of Georgia, and may be served with process through their registered agent for service, to wit: Corporation Process Company, 106 Colony Park Drive, Suite 800-B, Cumming, GA 30040-2794. Defendant Wal-Mart Stores East, LP, is subject to the jurisdiction and venue of this Court.

4.

Defendant Sam's Real Estate Business Trust is a Foreign Trust that owns a tract of land that is located in Muscogee County, Georgia, at 5448 Whittlesey Blvd., Ste A, Columbus GA 31909-7298. Defendant Sam's Real Estate Business Trust is subject to the jurisdiction and venue of this Court, and may be served with process through their registered agent for service, to wit: The Corporation Trust Company, 1209 N Orange St., Wilmington DE 19801-1120.

5.

Defendant Wal-Mart Real Estate Business Trust is a Foreign Trust that owns a tract of land that is located in Muscogee County, Georgia, at 5448 Whittlesey Blvd., Ste B, Columbus GA 31909-7298. Defendant Wal-Mart Real Estate Business Trust is subject to the jurisdiction and venue of this Court, and may be served with process through their registered agent for service, to wit: The Corporation Trust Company, 1209 N Orange St., Wilmington DE 19801-1120.

6.

Defendant John Doe is a citizen and resident of the State of Georgia, who, at all times relevant to this action, was working as a Manager and agent of one or more of the named Defendants. Venue and jurisdiction are proper as to this Defendant.

7.

Defendant, ABC Corporation 1, is a currently unknown Georgia Corporation who, at all times relevant hereto, was responsible for the maintenance and repair of the parking lot that is at issue, as further described herein below. Defendant ABC Corporation 1 is subject to the jurisdiction and venue of this Court.

8.

Defendant, ABC Corporation 2, is a currently unknown Georgia Corporation who, at all times relevant hereto, was responsible for the acts of repaving, resurfacing and/or repainting of the area of the parking lot that is at issue, as further described herein below. Defendant ABC Corporation 2 is subject to the jurisdiction and venue of this Court.

**Agency**

9.

Whenever in this Complaint it is alleged that any named Defendant did any act or thing, it is meant that said Defendants' officers, agents, servants, employees or representatives did such act or thing and that at the time such act or thing was done, it was done with the full authorization or ratification of said Defendants or was done in the normal and routine course and scope of employment of said Defendants' officers, agents, servants, employees or representatives.

**Facts**

10.

On April 10, 2020, Defendant Sam's East, Inc., individually, or in conjunction with one of the other named Defendants, owned the parking lot, which runs between Wal-Mart

Supercenter No. 1311 and Sam's Club No. No. 8213, and which is located in Muscogee County, Georgia at 5448 Whittlesey Blvd., Suites A and B, Columbus GA 31909-7298.

11.

On April 10, 2020, Defendant Wal-Mart Stores East, LP, individually, or in conjunction with one of the other named Defendants, owned the parking lot, which runs between Wal-Mart Supercenter No. 1311 and Sam's Club No. No. 8213, and which is located in Muscogee County, Georgia at 5448 Whittlesey Blvd., Suites A and B, Columbus GA 31909-7298.

12.

On April 10, 2020, Defendant Wal-Mart Stores Inc., individually, or in conjunction with one of the other named Defendants, owned the parking lot, which runs between Wal-Mart Supercenter No. 1311 and Sam's Club No. No. 8213, and which is located in Muscogee County, Georgia at 5448 Whittlesey Blvd., Suites A and B, Columbus GA 31909-7298.

13.

On April 10, 2020, Defendant Sam's Real Estate Business Trust individually, or in conjunction with one of the other named Defendants, owned the parking lot, which runs between Wal-Mart Supercenter No. 1311 and Sam's Club No. No. 8213, and which is located in Muscogee County, Georgia at 5448 Whittlesey Blvd., Suites A and B, Columbus GA 31909-7298.

14.

On April 10, 2020, Defendant Wal-Mart Real Estate Business Trust individually, or in conjunction with one of the other named Defendants, owned the parking lot, which runs between Wal-Mart Supercenter No. 1311 and Sam's Club No. No. 8213, and which is located in Muscogee County, Georgia at 5448 Whittlesey Blvd., Suites A and B, Columbus GA 31909-7298.

15.

On April 10, 2020, Defendant John Doe was employed as a Manager, at Wal-Mart Supercenter No. 1311 and/or Sam's Club No. 8213, which is located in Columbus, Muscogee County, Georgia.

16.

On April 10, 2020, Defendant John Doe, as a Manager of at Wal-Mart Supercenter No. 1311 and/or Sam's Club No. 8213, was an agent of one or more of the Defendants and, in that capacity, had supervisory control over the parking lot, which runs between Wal-Mart Supercenter No. 1311 and Sam's Club No. No. 8213, and which is located in Muscogee County, Georgia at 5448 Whittlesey Blvd., Suites A and B, Columbus GA 31909-7298.

17.

On April 10, 2020, Plaintiff, Vickie Benton, was an invitee of one of the named Defendants when, as she was walking in the crosswalk of the parking lot that runs between Wal-Mart Supercenter No. 1311 and Sam's Club No. No. 8213 (the "parking lot"), and towards the main entrance of Sam's Club Store No. 8213, she fell when she inadvertently stepped into hole, created by what is believed to be a water meter (the "hole"), and which was recessed and lower that then street.

**Negligence**

18.

Plaintiff re-alleges and incorporates Paragraphs 1 through 17 above as if fully set forth, verbatim, herein.

19.

The hole, which caused the Plaintiff's fall, was located in a crosswalk of the parking lot,

and constituted a hazardous and unsafe condition on the premises, as it was recessed and was painted in such a way that it blended in with the striping of the crosswalk, making it undiscernible to the human eye.

20.

The Defendants, jointly and severally, by and through their agents and employees, and as the owners of the parking lot and/or those responsible for the parking lot's maintenance and repair, owed a duty to Plaintiff to keep all areas of the parking lot in a safe condition, and breached that duty, by installing what is believed to be a water meter in a recessed position and then painting it in such a way as to be undiscernible, thereby creating the hazard that caused the Plaintiff to fall.

21.

The Defendants, jointly and severally, by and through their agents and employees, and as the owners of the parking lot and/or those responsible for the parking lot's maintenance and repair, owed a duty to Plaintiff to keep all areas of the parking lot in a safe condition, and breached that duty, by failing to discover, observe, and correct the hazard, created by the recessed and undiscernible hole, which caused the Plaintiff to fall

22.

Defendant John Doe, as a manager and agent of one or more of the Defendants, owed a duty to Plaintiff to keep and maintain all areas of the parking lot safe for invitees, including the obligation to inspect, maintain, and repair the premises on behalf of the owners, and breached that duty.

**Damages**

23.

Plaintiff re-alleges and incorporates Paragraphs 1 through 22 above as if fully set forth, verbatim, herein.

24.

As a direct result of the incident proximately caused by the negligence of the Defendants, Plaintiff has sustained serious injuries.

25.

As a direct result of the incident proximately caused by the negligence of the Defendants, and as a direct result of the injuries suffered in said incident, Plaintiff has incurred extensive medical expenses.

26.

As a direct result of the incident proximately caused by the negligence of the Defendants, Plaintiff has experienced physical pain and suffering.

27.

Each negligent act of the Defendants, or a combination thereof, was the direct and proximate cause of the incident and the physical injuries and damages suffered by Plaintiff.

**WHEREFORE**, the Plaintiff respectfully prays:

a.    That summons be issued and that Defendants be served as provided by law;
b.    That judgment be rendered for the Plaintiff against Defendants, in such amount a fair and impartial jury may determine;
c.    That judgment be rendered for Plaintiff against Defendants, in such amount a fair and impartial jury may determine;
d.    That all costs of this action be cast upon the Defendants;
e.    That Plaintiff have such other and further relief as this Court may deem just and proper; and
f.    That all issues herein be submitted to a jury.

This 22nd day of December.

/s/ Michael R. Braun
Michael R. Braun
Georgia Bar No. 078534
Attorney for Plaintiff

Law Office of Michael R. Braun
445 Franklin Gateway SE
Marietta, Ga 30067
(770) 421-6888
Michael@GeorgiaInjury.com

# Exhibit A



GEORGIA, MUSCOGEE COUNTY
SUPERIOR/STATE COURT
eFILED
12/22/2021 12:06 PM
DANIELLE F. FORTE, CLERK

## IN THE STATE COURT OF MUSCOGEE COUNTY
## STATE OF GEORGIA

VICKIE BENTON,                         :
                                       :
            Plaintiff,                 :
                                       :        **CIVIL ACTION FILE**
vs.                                    :
                                       :        **No.  SC2021CV001593**
                                       :
SAM'S EAST, INC., WAL-MART             :
STORES EAST, LP., WAL-MART             :
STORES, INC., SAM'S REAL ESTATE        :
BUSINESS TRUST, WAL-MART REAL          :
ESTATE BUSINESS TRUST, JOHN            :
DOE,  ABC CORPORATION 1, and           :
ABC CORPORATION 2,                     :
                                       :
            Defendants.                :
_____:

## PLAINTIFF'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS TO DEFENDANT, WAL-MART REAL ESTATE BUSINESS TRUST

To:     Wal-Mart Real Estate Business Trust
        By and trough their Registered Agent, to wit:
        The Corporation Trust Company
        1209 N Orange Street
        Wilmington, DE 19801-1120

        Pursuant to O.C.G.A. §9-11-34, you are requested to produce the following documents as required by law.  The documents requested shall be produced within forty-five (45) days after service of this request at Law Office of Michael R. Braun, LLP, located at 445 Franklin Gateway SE, Marietta, Georgia 30062-7705 or you may comply with this request by mailing copies of the requested documents to said address.

**Definitions and Instructions**

1.      These discovery requests are intended to cover all information and documents in your possession or control, or subject to your control, wherever located.

2.      The term "person[s]" means any natural person, firm, partnership, joint venture,

corporation, or any judicial person, or any other legal entity.

3.    The words "document" and "documents" mean all written, recorded, or graphic matters, however produced or reproduced, whether or not privileged, pertaining in any way to the subject matter of this action. This definition includes, but is not limited to, any and all originals, copies, or drafts of any and all of the following: records, notes, summaries, schedules, contracts or agreements, drawings, sketches, invoices, orders or acknowledgments, diaries, reports, memoranda of telephone or in person conversations by or with any person, or any other memoranda, letters, telegrams, telexes or cables prepared, drafted, received or sent, tapes, transcripts or recordings, photographs, pictures or films, computer programs or data or other graphic, symbolic recorded or written materials of any nature whatsoever. Any document which contains any comment, notation, addition, insertion, or marking of any kind that is not of another document is to be considered a separate document.

4.    The words "concern," "concerns," or "concerning" include but are not necessarily limited to, containing, referring to, relating to, connected with, about, regarding, mentioning, discussing or describing.

5.    You must make a diligent search of your records and of other papers and materials in your possession or available to you or your representatives. If any requested document cannot be produced in full, produce it to the extent possible, specifying the document or portion of documents being withheld and the reason the document is being withheld.

6.    You are requested to indicate which documents are produced in response to each numbered request, and to furnish an affidavit stating whether the production is complete in accordance with this request.

7.    If you claim that the attorney-client privilege or any other privilege is applicable to any request, the substance of that event or information or document need not be disclosed in your answers, but you shall with respect to that document:
a.    State the date of the event or document;
b.    Identify each and every participation in the event or author of the document;
c.    Identify each and every other person who participated in the event or prepared or participated in the preparation of the document;
d.    Identify each and every person who received the document;
e.    Identify each and every person from whom the document was received.
f.    State the present location of the document and all copies thereof.
g.    Identify each and every person having custody or control of the document and all copies thereof; and
h.    Provide sufficient further information concerning the event, information or document and the circumstances thereof to explain the claim or privilege and to permit the adjudication of the propriety of that claim.

8.    You are required to furnish all information that is available to you or subject to your reasonable inquiry including information in the possession of your agents, attorneys,

accountants, advisors or other persons directly or indirectly employed by or connection with, you or your attorneys, and anyone else otherwise subject to your control.

9.   The term "knowledge" means first-hand information and/or information derived from any other source including hearsay knowledge.

10.   The term "communication[s]" means all communications of any nature whatsoever, whether oral or in writing.

11.   The term "gender" shall include the male as well as the female, and the singular pronoun shall include the plural.

12.   Each of the following requests is continuing in nature.  In the event that Defendant, at any later date, shall obtain any fact, make any assumption or contention, reaches any conclusion or opinions different from or supplementary to those set forth in the answers to these requests then in such event Defendant should amend said answers promptly and sufficiently prior to trial or test, fully setting forth such information.

**Special Definition**

In answering these Interrogatories you are advised of the following definition:

a.   "Premises", "Premises in question", "parking lot", and "crosswalk", shall refer to the crosswalk, which leads from the parking lot, which runs between Wal-Mart Supercenter No. 1311 and Sam's Club No. No. 8213, and which is located in Muscogee County, Georgia at 5448 Whittlesey Blvd., Suites A and B, Columbus GA 31909-7298 to the front entrance of Sam's Club No. 8213. A photograph of the premises is attached hereto, as Exhibit A, for reference.

b.   "Water meter" shall refer to, what appears to be a water meter cover, as depicted in Exhibit A, attached hereto.

c.   "Incident" or "incident in question" shall refer to the April 10, 2020, fall, which the Plaintiff experienced in the parking lot, which runs between Wal-Mart Supercenter No. 1311 and Sam's Club No. No. 8213, and which is located in Muscogee County, Georgia at 5448 Whittlesey Blvd., Suites A and B, Columbus GA 31909-7298, and which is more fully set forth in Plaintiff's Complaint for Damages.

d.   "Defect", "Hazard", or "Condition" refer to the water meter cover, which Plaintiff contends caused her fall, and which is more fully set forth in Plaintiff's Complaint for Damages.

**Specific Requests:**

1.   Any and all documents evidencing your ownership of the premises in question.

2.    Any and all contracts between the defendant and any maintenance and/or repair service in effect at the time of plaintiff's injury.

3.    Any and all leases, contracts, or other agreements through which this defendant came to occupy the premises in question.

4.    Any contract between this defendant and any person or entity, including any and all co-defendants, responsible for maintaining the area of the fall, at the time of plaintiff's injuries.

5.    Any and all documentation regarding the ownership, operation, repair, and maintenance, of the area in question, and which is described in Plaintiff's Complaint.

6.    Any indemnity agreement between any of the parties to this case.

7.    Any indemnity agreement between any party to this case and nonparty, which is relevant to the incident and injuries made the basis of this suit.

8.    A copy of any legal documents that document defendant's status as a legal entity, corporation, partnership, sole proprietorship, or joint venture.

9.    Any joint venture agreement between the parties or between any party to this suit and any non-party regarding the ownership, operation, repair, maintenance, advertising, security or other service of or for the premises in question.

10.    Any rules, management guidelines, operating guidelines, or other similar writing or document that purports to show operating procedures for the management, care, maintenance, repair, cleaning and service of the parking lot at the Wal-Mart Supercenter Store No. 1311.

11.    Any and all photographs, or video tape, that defendant has of the incident itself, the scene of the incident or the resulting injuries to the plaintiff.

12.    Any and all expert reports which have been obtained from any expert and if a report has not been prepared, the preparation of a report is hereby requested.

13.    Any and all insurance agreements or policies under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment which may be rendered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

14.    Copies of any and all statements previously made by plaintiff concerning the subject matter of this lawsuit, including any written statement signed or otherwise adopted or approved by the plaintiff hereto and any stenographic, mechanical, electrical, or other type of recording or any transcription thereof made by plaintiff hereto and contemporaneously recorded.

15. Copies of any and all statements previously made by any person concerning the subject matter of this lawsuit, including any written statement signed or otherwise adopted or approved by the plaintiff hereto and any stenographic, mechanical, electrical, or other type of recording or any transcription thereof made by plaintiff hereto and contemporaneously recorded.

16. Any and all drawings, maps, or sketches of the scene of the incident that has been made the basis of this lawsuit.

17. Any and all settlement agreements, wherein you have arrived at a settlement or agreement between you and any other person, whether or not a party to this lawsuit, regarding or pertaining to the incident made the basis of this lawsuit or any damages resulting therefrom.

18. A copy of any surveillance movies or photographs which have been made of the scene of the incident for a period of four hours prior to the incident until four hours after the incident.

19. A copy of any surveillance movies or photographs, which have been made of the plaintiff.

20. Any and all incident reports, report of visitor injury or other type of documentation, which purports to evidence the facts surrounding this incident and the investigation into said incident.

21. Any and all incident reports, report of visitor injury or other type of documentation, which purports to evidence any and all individuals claiming to have tripped over the same water meter hole that the Plaintiff claims to have caused her fall.

22. Any and all expert reports that were or will be reviewed by any expert in this case.

23. Any and all expert reports or things that were or will be relied upon in whole or in part by any testifying expert in this case.

24. Any and all work papers, notes, documents in the file of any expert witness who is expected to testify, or in the file of any expert witness who has written a report which is or will be relied upon in whole or in part by a testifying expert.

25. All documents or tangible things prepared by any expert whom you expect to call as a witness, including but not limited to those, which would include his report, factual observations, opinions, conclusions, photographs, field notes, calculations, models, and exhibits.

26. Any treatises or authoritative literature on which any expert intends to rely in his testimony in this case.

27. Copies of reports of all similar incidents prepared by any and all employees of the premises in question from one year prior to the incident up to and through the present.

28.  A current copy of the curriculum vitae together with any other documents in your possession pertaining to the credentials and qualifications of any and all experts to be called by Defendant to testify at trial.

29.  All materials including, but not limited to, policies, procedures, employee manuals, memoranda, and correspondence pertaining to safety rules and/or regulations to be followed by the employees of this defendant, after an incident wherein an injury occurs.

30.  All materials including, but not limited to, policies, procedures, employee manuals, memoranda, and correspondence pertaining to rules and/or regulations to be followed by the employees of this defendant when in the process of performing any type of maintenance or repair on the parking lot.

31.  All materials including, but not limited to, employee manuals, memoranda, and correspondence pertaining to safety rules and/or regulations to be followed by the employees of this defendant when in the process of performing any type of maintenance or repair on the parking lot.

32.  Any and all documents, which in any way whatsoever, pertains to maintaining, repairing, resurfacing, repaving and/or repainting the area of the parking lot, where Plaintiff claims to have fallen.

33.  Please provide copies of any and all documentation, which would evidence any and all maintenance, repair, change, alteration, or other work done to the area where the incident occurred, including but not limited to any and all resurfacing, repaving, and/or repainting the lines or the wording that is on the surface of said parking lot, at any time, since the parking lot was originally constructed.

34.  Any and all books, documents, photographs, or other tangible things which may be used at the time of trial, which may have a bearing on this cause of action.

35.  Any and all documents and tangible things whose production has not been requested pursuant to any other item of this request which you intend to offer into evidence at the trial of this case.

36.  Any and all documents and tangible things whose production has not been requested pursuant to any other item of this request which you do not intend to offer into evidence at the trial of this case, but which may be used as demonstrative evidence at trial.

37.  Copies of any and all documents, which would evidence any and all inspections of the area where the incident occurred, at any time, since the parking lot was originally constructed.

38.  Copies of any and all records (including but not limited to Plaintiff's medical records), memorandum, billing statements (including but not limited to billing statements of Plaintiff's medical providers), notes, or other documentation of any kind, which is received as a result of any and all non-party requests for the production of documents sent out by,

or on behalf of, Defendant.

This 22nd day of December 2021.

/s/ Michael R. Braun
Michael R. Braun
Georgia Bar No. 078534
Attorney for Plaintiff

Law Office of Michael R. Braun
445 Franklin Gateway SE
Marietta, Ga 30067
(770) 421-6888
Michael@GeorgiaInjury.com

# Exhibit A



GEORGIA, MUSCOGEE COUNTY
SUPERIOR/STATE COURT
eFILED
12/22/2021 12:06 PM
DANIELLE F. FORTE, CLERK

## IN THE STATE COURT OF MUSCOGEE COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| VICKIE BENTON, | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CIVIL ACTION FILE** |
| **vs.** | : | |
| | : | No. SC2021CV001593 |
| | : | |
| SAM'S EAST, INC., WAL-MART | : | |
| STORES EAST, LP., WAL-MART | : | |
| STORES, INC., SAM'S REAL ESTATE | : | |
| BUSINESS TRUST, WAL-MART REAL | : | |
| ESTATE BUSINESS TRUST, JOHN | : | |
| DOE,  ABC CORPORATION 1, and | : | |
| ABC CORPORATION 2, | : | |
| | : | |
| **Defendants.** | : | |

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS OF FACT TO DEFENDANT, WAL-MART REAL ESTATE BUSINESS TRUST

TO:   Wal-Mart Real Estate Business Trust
By and trough their Registered Agent, to wit:
The Corporation Trust Company
1209 N Orange Street
Wilmington, DE 19801-1120

COMES NOW Plaintiff and, pursuant to O.C.G.A. §9-11-36, files and serves the within and

following Plaintiff's First Requests for Admissions of Fact, and hereby requests that this Defendant

make the following admissions, for the purposes of the pending action only, of the truth of the

matters herein below set forth:

**Prefatory Note**

You are hereby notified, pursuant to O.C.G.A. § 9-11-37(c), that if you fail to admit the

truth of any matter or the genuineness of any document as requested under O.C.G.A §9-11-36, and

if this Plaintiff thereafter proves the truth of any such matter or the genuineness of any such

document, this Plaintiff will apply to the Court for an order requiring you to pay this Plaintiff the reasonable expenses incurred in making that proof, including reasonable attorney's fees.

**Special Definition**

In answering these Interrogatories you are advised of the following definition:

a.  "Premises", "Premises in question", "parking lot", and "crosswalk", shall refer to the crosswalk, which leads from the parking lot, which runs between Wal-Mart Supercenter No. 1311 and Sam's Club No. No. 8213, and which is located in Muscogee County, Georgia at 5448 Whittlesey Blvd., Suites A and B, Columbus GA 31909-7298 to the front entrance of Sam's Club No. 8213. A photograph of the premises is attached hereto, as Exhibit A, for reference.

b.  "Water meter" shall refer to, what appears to be a water meter cover, as depicted in Exhibit A, attached hereto.

c.  "Incident" or "incident in question" shall refer to the April 10, 2020, fall, which the Plaintiff experienced in the parking lot, which runs between Wal-Mart Supercenter No. 1311 and Sam's Club No. No. 8213, and which is located in Muscogee County, Georgia at 5448 Whittlesey Blvd., Suites A and B, Columbus GA 31909-7298, and which is more fully set forth in Plaintiff's Complaint for Damages.

d.  "Defect", "Hazard", or "Condition" refer to the water meter cover, which Plaintiff contends caused her fall, and which is more fully set forth in Plaintiff's Complaint for Damages.

**Please admit or deny the truthfulness of the following:**

1. Do you admit or deny that venue for this lawsuit is proper in Muscogee County?

2. Do you admit or deny that jurisdiction for this lawsuit is proper in Muscogee County?

3. Do you admit or deny that this Defendant has been properly served with a copy of a Complaint in this lawsuit?

4. Do you admit or deny that Wal-Mart, Inc. was a corporation on the date of the incident in question?

5. Do you admit or deny that, on the date of the incident in question, this Defendant owned and operated the parking lot, which runs between Wal-Mart Supercenter No. 1311 and Sam's Club No. No. 8213, and which is located in Muscogee County, Georgia at 5448 Whittlesey Blvd., Suites A and B, Columbus GA 31909-7298?

6. Do you admit or deny that on April 10, 2020, the Plaintiff was an invitee on the premises in question and at the time of the incident in question?

7. Do you admit or deny that, on the date of the incident in question, Defendant John Doe, as the Manager of Wal-Mart Supercenter No. 1311, was an agent of this Defendant?

8. Do you admit or deny that, on the date of the incident in question, Defendant John Doe, as the Manager and agent of Wal-Mart Supercenter Store No. 1311, had supervisory control over Wal-Mart Supercenter Store No. 1311, including the parking lot, which runs between Wal-Mart Supercenter No. 1311 and Sam's Club No. No. 8213, and which is located in Muscogee County, Georgia at 5448 Whittlesey Blvd., Suites A and B, Columbus GA 31909-7298?

9. Do you admit or deny that, on the date of the incident in question, Defendant John Doe, as the Manager and agent of Wal-Mart Supercenter Store No. 1311, had a duty to keep and maintain all areas of the parking lot, which runs between Wal-Mart Supercenter No. 1311 and Sam's Club No. No. 8213, and which is located in Muscogee County, Georgia at 5448 Whittlesey Blvd., Suites A and B, Columbus GA 31909-7298, safe for invitees?

10. Do you admit or deny that, on the date of the incident in question, Defendant John Doe, as the Manager and agent of Wal-Mart Supercenter Store No. 1311, had a duty to inspect, maintain, and repair the parking lot, which runs between Wal-Mart Supercenter No. 1311 and Sam's Club No. No. 8213, and which is located in Muscogee County, Georgia at 5448 Whittlesey Blvd., Suites A and B, Columbus GA 31909-7298 on behalf of the owners?

11. Do you admit or deny that, on the date of the incident in question, Defendant John Doe, as the Manager and agent of Wal-Mart Supercenter Store No. 1311, had a duty to oversee the inspection, maintenance, and repair of the parking lot, which runs between Wal-Mart Supercenter No. 1311 and Sam's Club No. 8213, and which is located in Muscogee County, Georgia at 5448 Whittlesey Blvd., Suites A and B, Columbus GA 31909-7298, on behalf of the owners?

12. Do you admit or deny that the water meter, as depicted in Exhibit A, attached hereto, is recessed, and not level with the rest of the parking lot?

13. Do you admit or deny that the recessed water meter, as depicted in Exhibit A, attached hereto, is a hazardous condition?

14. Do you admit or deny that on April 10, 2020, this Defendant was responsible for ensuring the safety of its customers as they traversed the area where the incident in question occurred?

15. Do you admit or deny that on April 10, 2020, the Plaintiff fell, due the presence of a recessed water meter, in the parking lot, which runs between Wal-Mart Supercenter No. 1311 and Sam's Club No. No. 8213, and which is located in Muscogee County, Georgia

at 5448 Whittlesey Blvd., Suites A and B, Columbus GA 31909-7298?

16. Do you admit or deny that this Defendant, or an agent or employee thereof, had an obligation to exercise ordinary care in an effort to keep the area where the incident in question occurred, in a safe condition?

17. Do you admit or deny that this Defendant breached its duty, as described in Request for Admission of Fact number 16?

This 22nd day of December 2021.

/s/ Michael R. Braun
Michael R. Braun
Georgia Bar No. 078534
Attorney for Plaintiff

Law Office of Michael R. Braun
445 Franklin Gateway SE
Marietta, Ga 30067
(770) 421-6888
Michael@GeorgiaInjury.com

# Exhibit A



GEORGIA, MUSCOGEE COUNTY
SUPERIOR/STATE COURT
eFILED
12/22/2021 12:06 PM
DANIELLE F. FORTE, CLERK

## IN THE STATE COURT OF MUSCOGEE COUNTY
## STATE OF GEORGIA

VICKIE BENTON,                          :
                                        :
      **Plaintiff,**                  :
                                        :   **CIVIL ACTION FILE**
**vs.**                                 :
                                        :   No. SC2021CV001593
                                        :
SAM'S EAST, INC., WAL-MART              :
STORES EAST, LP.,WAL-MART               :
STORES, INC., SAM'S REAL ESTATE         :
BUSINESS TRUST, WAL-MART REAL           :
ESTATE BUSINESS TRUST, JOHN             :
DOE,  ABC CORPORATION 1, and            :
ABC CORPORATION 2,                      :
                                        :
      **Defendants.**                :
                                        :

## PLAINTIFF'S FIRST INTERROGATORIES
## TO DEFENDANT, WAL-MART REAL ESTATE BUSINESS TRUST

To:    Wal-Mart Real Estate Business Trust
       By and trough their Registered Agent, to wit:
       The Corporation Trust Company
       1209 N Orange Street
       Wilmington, DE 19801-1120

      COMES NOW, Plaintiff, pursuant to O.C.G.A. §9-11-33 submits herewith to this

Defendant, for response within thirty-three (33) days after service hereof, in the form provided by

law, the following attached Interrogatories,

**Definitions and Instructions**

1.     These discovery requests are intended to cover all information and documents in your
       possession or control, or subject to your control, wherever located.

2.     The term "person[s]" means any natural person, firm, partnership, joint venture,
       corporation, or any judicial person, or any other legal entity.

3.     The words "identify," "identity," or "identification," mean as follows:
       a.  When used in reference to a natural person, you are required to state his or her full

name and present or last known address, his or her present or last known position and business affiliation.

b. When used in reference to a corporation, you are required to state its full name, its principal place of business, its state of incorporation, its date of incorporation, and its principal executive officer.

c. When used in reference to a location, you are required to state the street address, city, state, suite and/or room number.

d. When used in reference to a meeting, you are required to state the date of the meeting, the place of the meeting, the identity of each and every person present at the meeting, a general description of substance of the discussions and the decisions (if any) reached at or as a result of the meeting, the identity of each and every document concerning what occurred at the meeting, and the identity of each and every document concerning any of the subjects discussed or to be discussed at the meeting, including agenda.

e. When used in reference to an oral conversation, you are required to state the date of the conversation, the place of the conversation, the identity of each and every person who participated in the conversation or who was present during the conversation, a general description of the substance of the conversation, and the identity of each and every document concerning the conversation.

f. When used in reference to a document, your description should include, but not be limited to, the name, address, telephone number, occupation, job title and employer of the present custodian of the document; the date of the making of the document and the name, address, telephone number, occupation, job title and employer of each person whose testimony could be used to authenticate such document and lay the foundation for its introduction into evidence; its author, it's title (if any), its subject matter, the type of document (e.g., letter, memorandum, telegram, chart, computer input or printout, photograph, sound reproduction, etc.), its present location and the name of its present custodians, or, if the above information is not available, some other means of identifying it; and if any such document was, but is no longer, in your possession, custody or subject to your control, or in existence, state whether it is (a) missing or lost, (1)) has been destroyed, (c) has been transferred, voluntarily or involuntarily, to others, or (d) otherwise disposed of, and, in each instance, explain the circumstances surrounding the reason for such disposition thereof.

4. The words "document" and "documents" mean all written, recorded, or graphic matters, however produced or reproduced, whether or not privileged, pertaining in any way to the subject matter of this action. This definition includes, but is not limited to, any and all originals, copies, or drafts of any and all of the following: records, notes, summaries, schedules, contracts or agreements, drawings, sketches, invoices, orders or acknowledgments, diaries, reports, memoranda of telephone or in person conversations by or with any person, or any other memoranda, letters, telegrams, telexes or cables prepared, drafted, received or sent, tapes, transcripts or recordings, photographs, pictures or films, computer programs or data or other graphic, symbolic recorded or written materials of any nature whatsoever. Any document, which contains any comment, notation, addition, insertion, or marking of any kind that is not of another document, is to be considered a separate document.

2

5.     The words "concern," "concerns," or "concerning" include but are not necessarily limited to, containing, referring to, relating to, connected with, about, regarding, mentioning, discussing or describing.

6.     If you claim that the attorney-client privilege or any other privilege is applicable to any interrogatory or request, the substance of that event or information or document need not be disclosed in your answers, but you shall with respect to that document:
   a. State the date of the event or document;
   b. Identify each and every participation in the event or author of the document;
   c. Identify each and every other person who participated in the event or prepared or participated in the preparation of the document;
   d. Identify each and every person who received the document;
   e. Identify each and every person from whom the document was received.
   f. State the present location of the document and all copies thereof.
   g. Identify each and every person having custody or control of the document and all copies thereof; and
   h. Provide sufficient further information concerning the event, information or document and the circumstances thereof to explain the claim or privilege and to permit the adjudication of the propriety of that claim.

7.     If you exercise the option under O.C.G.A. §9-11-33(c) to produce business records in lieu of responding to any interrogatory, the following procedure is to be followed:
   a. In response to each such interrogatory, you are required to identify each said document; and
   b. In producing such document, you are required to produce said document separately and to designate the interrogatory or interrogatories to which said document responds, as well as the identification of the file(s) from which the documents were segregated.

8.     You are required to furnish all information that is available to you or subject to your reasonable inquiry including information in the possession of your agents, attorneys, accountants, advisors or other persons directly or indirectly employed by or connection with, you or your attorneys, and anyone else otherwise subject to your control.

9.     You must make a diligent search of your records and of other papers and materials in your possession or available to you or your representatives. If an interrogatory or request has subparts, answer each part separately in full, and do not limit the answer as a whole. If any interrogatory or requests cannot be answered in full, answer to the extent possible, specify the reason for your inability to answer, and state whether you have information and knowledge regarding the unanswered portion.

10. The term "knowledge" means first-hand information and/or information derived from any other source including hearsay knowledge.

11. The term "communication[s]" means all communications of any nature whatsoever, whether oral or in writing.

3

12. The term "gender" shall include the male as well as the female, and the singular pronoun shall include the plural.

Please be advised that each of the following interrogatories is continuing in nature. In the event that Defendant, at any later date, shall obtain any fact, make any assumption or contention, reaches any conclusion or opinions different from or supplementary to those set forth in the answers to these interrogatories, then in such event Defendant should amend said answers promptly and sufficiently prior to trial or test, fully setting forth such information.

## Special Definition

In answering these Interrogatories, you are advised of the following definition:

a.  "Premises", "Premises in question", "parking lot", and "crosswalk", shall refer to the crosswalk, which leads from the parking lot, which runs between Wal-Mart Supercenter No. 1311 and Sam's Club No. No. 8213, and which is located in Muscogee County, Georgia at 5448 Whittlesey Blvd., Suites A and B, Columbus GA 31909-7298 to the front entrance of Sam's Club No. 8213. A photograph of the premises is attached hereto, as Exhibit A, for reference.

b.  "Water meter" shall refer to, what appears to be a water meter cover, as depicted in Exhibit A, attached hereto.

c.  "Incident" or "incident in question" shall refer to the April 10, 2020, fall, which the Plaintiff experienced in the parking lot, which runs between Wal-Mart Supercenter No. 1311 and Sam's Club No. No. 8213, and which is located in Muscogee County, Georgia at 5448 Whittlesey Blvd., Suites A and B, Columbus GA 31909-7298, and which is more fully set forth in Plaintiff's Complaint for Damages.

d.  "Defect", "Hazard", or "Condition" refer to the water meter cover, which Plaintiff contends caused her fall, and which is more fully set forth in Plaintiff's Complaint for Damages.

## Interrogatories

1.  State the name, address, and registered agent of the owner of the area of the Premises in question, as defined above.

2.  State the full name, address, job title, and present employer of each person answering and assisting in answering these Interrogatories on behalf of the Defendant?

3.  Has the Defendant been sued under his/its correct name? If not, please state the correct name and explain your answer so that service may be properly obtained.

4

4.  Does any primary and/or excess insurance agreement or bond exist under the terms of which the person or company issuing the same may be called upon to satisfy all or part of any judgment which may be entered in favor of the Plaintiff in this action?
    a.  If such an insurance agreement or bond does exist, what are the limits of liability contained in the terms of each such agreement?
    b.  If such an insurance agreement or bond does exist, what are the legal names of each and every party to each agreement itself and to any further or subordinate agreement, which in any way relates to the terms of any such agreement?
    c.  What is the amount of any deductible or self-insured retention as to each such agreement?

5.  State the name and address of the person or entity in control of that area of the premises where the incident in question occurred, at the time of the occurrence.

6.  State the name address and telephone number of the store manager of the Wal-Mart Supercenter Store No. 1311, on April 10, 2020.

7.  State the name address and telephone number of the assistant store manager of the Wal-Mart Supercenter Store No. 1311, on April 10, 2020.

8.  State each and every change, repair, instance of maintenance, and/or alteration of the recessed water meter, which plaintiff alleges to have been the cause of the incident in question, or the surrounding crosswalk, at any time before or after the incident at issue, including a description of what was done, the associated cost, and the name address and telephone number of the contractor, subcontractor, or other entity or individual, that effectuated said change or alteration.

9.  State the name, address, and telephone number of each and every contractor, subcontractor and/or other entity or individual that installed the water meter, and/or water meter cover, which is depicted in exhibit A, attached hereto.

10. State the name, address, and telephone number of each and every contractor, subcontractor and/or other entity or individual that has, at any time, performed any type of maintenance or repair on the parking lot, which is at issue herein. Your response shall include, but not be limited to, each and every instance of painting, resurfacing, repaving, or other change in the surface of the area of the parking lot, which is at issue, including the crosswalk.

11. State the name and address of each person, including experts, having any knowledge of relevant facts related to the incident which is the basis of this suit, the cause thereof, or the damages resulting therefrom.

12. State the name, address and telephone number of any persons who witnessed the occurrence in question.

13. State the name and address of any potential party to this lawsuit, not already named as party hereto.

14. Only if you allege any defense to this action based on jurisdiction, venue, issuance of process, process itself, or service of process, as to each such defense, please state:
   a. Each and every fact upon which you rely in asserting such defense;
   b. Provide a complete description of all documents which you contend support the assertions of the said defense;
   c. The name and address of all persons having custody and control of the documents described in (b) above; and
   d. Please provide the full and complete legal addresses of this Defendant's registered office and agent.

15. If you contend that any person, firm, or entity caused or contributed to the injuries to the Plaintiff, identify by name, address, job title, and employer all such persons, firms or entities and state the reasons for your contentions.

16. Please state whether or not you have a copy of any statement, which the plaintiff has previously made concerning this action or its subject matter and which is in your possession, custody or control.

17. Identify each oral or written statement or transcript that has been taken from any person or persons purporting to have knowledge with regards to the incident or any other contention involved in this action, by stating the name of the person giving each statement, the date thereof, the type of statement (i.e. oral, written, recorded, etc.) and the name and address of the custodian of any copy thereof.

18. Describe any insurance agreement under which insurance business may be liable to satisfy part or all of the judgment which may be entered in this action, or to indemnify or reimburse for payments made to satisfy the judgment, by stating the name of the person or entity insured the name of the insurer and the amount of any liability insurance coverage.

19. Describe defendant's contentions as to how the incident which forms the basis of this suit occurred and state specifically and in detail what the claim or contention of the defendant will be regarding any cause or contributing cause of the incident, including a statement in detail of the facts or information upon which this contention is based.

20. Describe in detail any conversations that any employee or agent for defendant has had with the plaintiff or plaintiff's representative following the incident in question.

21. State the full name, current address, telephone number, qualifications, and present employment of each person who you expert to call as an expert witness at the trial of this case, the subject matter on which each expert is expected to testify, the substance of the facts and opinions to which each expert is expected to testify and the summary of the grounds for each opinion expected to be expressed by such expert.

6

22.  State whether any expert whom you expect to call as a witness has prepared a report formal or informal and if so state the date(s) of such report(s) and to whom addressed.

23.  Please state the name and address of each expert consulted whose report or work product will be relied upon in whole or in part by any expert witness whom you expect to call at the trial of this case.

24.  Please describe any claims or lawsuits that have heretofore been brought against this defendant by reason of the incident or injury at the same or similar location or a similar type of incident on the defendant's premises at some other location.

25.  Please describe in detail any changes that have been made by this Defendant to the physical site of the incident or to the warning or signs relating thereto since the occurrence in question.

26.  Did the defendant conduct an investigation of the incident that forms the basis of this suit? If your answer is in the affirmative, please state the name of the person or persons who conducted the investigation, as well as a description of any and all results of said investigation.

27.  What is the defendant's contention as to the cause of the incident that forms the basis of this lawsuit?

28.  What is the defendant's contention as to the plaintiff's legal status on the premises at the time of the occurrence in question, that is, whether plaintiff was a business invitee, licensee or trespasser?

29.  If you contend that the plaintiff was not a business invitee at the time of the occurrence in question, please state and describe each fact document or thing upon which you base such a contention.

30.  When was the date and time of the last inspection by defendant, its agents or employees, of the physical site where this incident occurred?

31.  Please state whether defendant was aware that the water meter, which is at issue herein, was recessed from the roadway, and not level to the roadway.

32.  Describe what efforts the defendant made to warn the public of the recessed water meter, which plaintiff alleges to be the cause of the occurrence in question, at any time prior to the time of the incident in question.

33.  What is the Defendant's contention as to the Plaintiff's knowledge (before the incident), objective or subjective, of the recessed water meter that plaintiff alleges to be the cause of the occurrence in question?

34.    What efforts were made by the defendant to make the crosswalk level, in the area of the recessed water meter, which plaintiff contends caused the occurrence in question, *before* the incident in question.

35.    What efforts were made by the defendant to make the crosswalk level, in the area of the recessed water meter, which plaintiff contends caused the occurrence in question, *after* the incident in question.

36.    Does the Defendant contend that the plaintiff consumed alcoholic beverages or drugs at the time of or immediately preceding the time of the accident?

37.    Did the defendant have any procedures for regular inspection of the premises at the time of the occurrence in question: if so, please describe.

38.    Please identify all photographs, motion pictures, video, TV recording, maps, drawings charts diagrams measurements, surveys, incident reports, or other documents concerning the events and happenings made the basis of this lawsuit, the area of the occurrence made the basis of this lawsuit, persons or objects involved, either made before, at the time of or after the time of the events in question, including any photographs made of you at any time since the incident made the basis of this lawsuit, that you, your attorney, your insurance carrier or anyone acting on your or their behalf, have or know of.

39.    Please state the name and address of each and every person who was employed by this Defendant and who was working in the area of the incident, at said store within a hour before and two hours after the incident in question.

This 22nd day of December 2021.

/s/ Michael R. Braun
Michael R. Braun
Georgia Bar No. 078534
Attorney for Plaintiff

Law Office of Michael R. Braun
445 Franklin Gateway SE
Marietta, Ga 30067
(770) 421-6888
Michael@Georgialnjury.com

8

# Exhibit A



GEORGIA, MUSCOGEE COUNTY
SUPERIOR/STATE COURT
eFILED
12/22/2021 11:05 AM
DANIELLE F. FORTE, CLERK

## IN THE SUPERIOR/STATE COURT OF MUSCOGEE COUNTY

## STATE OF GEORGIA

Vickie Benton

CASE ACTION NUMBER SC2021CV001593

### PLAINTIFF

VS.

Sam's East, Inc.

10 Colony Park Drive, Suite 800-B

Cumming, Ga 30040-2794

### DEFENDANT

### SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Michael R. Braun

445 Franklin Gateway SE

Marietta, Ga                — 30067

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____22nd_____ day of _____DECEMBER_____, ___2021_____.

Clerk of Superior Court/State Court

By: __/s/ Desiree Davis_____

Deputy Clerk

GEORGIA, MUSCOGEE COUNTY
SUPERIOR/STATE COURT
eFILED
12/22/2021 11:05 AM
DANIELLE F. FORTE, CLERK

# IN THE STATE COURT OF MUSCOGEE COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **VICKIE BENTON,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CIVIL ACTION FILE** |
| **vs.** | : | |
| | : | No. SC2021CV001593 |
| | : | |
| **SAM'S EAST, INC., WAL-MART** | : | |
| **STORES EAST, LP., WAL-MART** | : | |
| **STORES, INC., SAM'S REAL ESTATE** | : | |
| **BUSINESS TRUST, WAL-MART REAL** | : | |
| **ESTATE BUSINESS TRUST, JOHN** | : | |
| **DOE, ABC CORPORATION 1, and** | : | |
| **ABC CORPORATION 2,** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

## COMPLAINT FOR DAMAGES

COMES NOW Vickie Benton, Plaintiff in the above-styled action, and hereby makes the following Complaint for Damages and shows the Court as follows:

1.

Defendant, Sam's East, Inc. is a Foreign Corporation, conducting business in the State of Georgia, and may be served with process through their registered agent for service, to wit: Corporation Process Company, 106 Colony Park Drive, Suite 800-B, Cumming, GA 30040-2794. Defendant Sam's East, Inc., is subject to the jurisdiction and venue of this Court.

2.

Defendant, Wal-Mart Stores East, LP, is a Foreign Corporation, conducting business in the State of Georgia, and may be served with process through their registered agent for service, to wit: Corporation Process Company, 106 Colony Park Drive, Suite 800-B, Cumming, GA 30040-2794. Defendant Wal-Mart Stores East, LP, is subject to the jurisdiction and venue of this Court.

3.

Defendant Wal-Mart Stores, Inc. is a Foreign Corporation, conducting business in the State of Georgia, and may be served with process through their registered agent for service, to wit: Corporation Process Company, 106 Colony Park Drive, Suite 800-B, Cumming, GA 30040-2794. Defendant Wal-Mart Stores East, LP, is subject to the jurisdiction and venue of this Court.

4.

. Defendant Sam's Real Estate Business Trust is a Foreign Trust that owns a tract of land that is located in Muscogee County, Georgia, at 5448 Whittlesey Blvd., Ste A, Columbus GA 31909-7298. Defendant Sam's Real Estate Business Trust is subject to the jurisdiction and venue of this Court, and may be served with process through their registered agent for service, to wit: The Corporation Trust Company, 1209 N Orange St., Wilmington DE 19801-1120.

5.

Defendant Wal-Mart Real Estate Business Trust is a Foreign Trust that owns a tract of land that is located in Muscogee County, Georgia, at 5448 Whittlesey Blvd., Ste B, Columbus GA 31909-7298. Defendant Wal-Mart Real Estate Business Trust is subject to the jurisdiction and venue of this Court, and may be served with process through their registered agent for service, to wit: The Corporation Trust Company, 1209 N Orange St., Wilmington DE 19801-1120.

6.

Defendant John Doe is a citizen and resident of the State of Georgia, who, at all times relevant to this action, was working as a Manager and agent of one or more of the named Defendants. Venue and jurisdiction are proper as to this Defendant.

7.

Defendant, ABC Corporation 1, is a currently unknown Georgia Corporation who, at all times relevant hereto, was responsible for the maintenance and repair of the parking lot that is at issue, as further described herein below. Defendant ABC Corporation 1 is subject to the jurisdiction and venue of this Court.

8.

Defendant, ABC Corporation 2, is a currently unknown Georgia Corporation who, at all times relevant hereto, was responsible for the acts of repaving, resurfacing and/or repainting of the area of the parking lot that is at issue, as further described herein below. Defendant ABC Corporation 2 is subject to the jurisdiction and venue of this Court.

**Agency**

9.

Whenever in this Complaint it is alleged that any named Defendant did any act or thing, it is meant that said Defendants' officers, agents, servants, employees or representatives did such act or thing and that at the time such act or thing was done, it was done with the full authorization or ratification of said Defendants or was done in the normal and routine course and scope of employment of said Defendants' officers, agents, servants, employees or representatives.

**Facts**

10.

On April 10, 2020, Defendant Sam's East, Inc., individually, or in conjunction with one of the other named Defendants, owned the parking lot, which runs between Wal-Mart

Supercenter No. 1311 and Sam's Club No. No. 8213, and which is located in Muscogee County, Georgia at 5448 Whittlesey Blvd., Suites A and B, Columbus GA 31909-7298.

11.

On April 10, 2020, Defendant Wal-Mart Stores East, LP, individually, or in conjunction with one of the other named Defendants, owned the parking lot, which runs between Wal-Mart Supercenter No. 1311 and Sam's Club No. No. 8213, and which is located in Muscogee County, Georgia at 5448 Whittlesey Blvd., Suites A and B, Columbus GA 31909-7298.

12.

On April 10, 2020, Defendant Wal-Mart Stores Inc., individually, or in conjunction with one of the other named Defendants, owned the parking lot, which runs between Wal-Mart Supercenter No. 1311 and Sam's Club No. No. 8213, and which is located in Muscogee County, Georgia at 5448 Whittlesey Blvd., Suites A and B, Columbus GA 31909-7298.

13.

On April 10, 2020, Defendant Sam's Real Estate Business Trust individually, or in conjunction with one of the other named Defendants, owned the parking lot, which runs between Wal-Mart Supercenter No. 1311 and Sam's Club No. No. 8213, and which is located in Muscogee County, Georgia at 5448 Whittlesey Blvd., Suites A and B, Columbus GA 31909-7298.

14.

On April 10, 2020, Defendant Wal-Mart Real Estate Business Trust individually, or in conjunction with one of the other named Defendants, owned the parking lot, which runs between Wal-Mart Supercenter No. 1311 and Sam's Club No. No. 8213, and which is located in Muscogee County, Georgia at 5448 Whittlesey Blvd., Suites A and B, Columbus GA 31909-7298.

15.

On April 10, 2020, Defendant John Doe was employed as a Manager, at Wal-Mart Supercenter No. 1311 and/or Sam's Club No. 8213, which is located in Columbus, Muscogee County, Georgia.

16.

On April 10, 2020, Defendant John Doe, as a Manager of at Wal-Mart Supercenter No. 1311 and/or Sam's Club No. 8213, was an agent of one or more of the Defendants and, in that capacity, had supervisory control over the parking lot, which runs between Wal-Mart Supercenter No. 1311 and Sam's Club No. No. 8213, and which is located in Muscogee County, Georgia at 5448 Whittlesey Blvd., Suites A and B, Columbus GA 31909-7298.

17.

On April 10, 2020, Plaintiff, Vickie Benton, was an invitee of one of the named Defendants when, as she was walking in the crosswalk of the parking lot that runs between Wal-Mart Supercenter No. 1311 and Sam's Club No. No. 8213 (the "parking lot"), and towards the main entrance of Sam's Club Store No. 8213, she fell when she inadvertently stepped into hole, created by what is believed to be a water meter (the "hole"), and which was recessed and lower that then street.

**Negligence**

18.

Plaintiff re-alleges and incorporates Paragraphs 1 through 17 above as if fully set forth, verbatim, herein.

19.

The hole, which caused the Plaintiff's fall, was located in a crosswalk of the parking lot,

and constituted a hazardous and unsafe condition on the premises, as it was recessed and was painted in such a way that it blended in with the striping of the crosswalk, making it undiscernible to the human eye.

20.

The Defendants, jointly and severally, by and through their agents and employees, and as the owners of the parking lot and/or those responsible for the parking lot's maintenance and repair, owed a duty to Plaintiff to keep all areas of the parking lot in a safe condition, and breached that duty, by installing what is believed to be a water meter in a recessed position and then painting it in such a way as to be undiscernible, thereby creating the hazard that caused the Plaintiff to fall.

21.

The Defendants, jointly and severally, by and through their agents and employees, and as the owners of the parking lot and/or those responsible for the parking lot's maintenance and repair, owed a duty to Plaintiff to keep all areas of the parking lot in a safe condition, and breached that duty, by failing to discover, observe, and correct the hazard, created by the recessed and undiscernible hole, which caused the Plaintiff to fall

22.

Defendant John Doe, as a manager and agent of one or more of the Defendants, owed a duty to Plaintiff to keep and maintain all areas of the parking lot safe for invitees, including the obligation to inspect, maintain, and repair the premises on behalf of the owners, and breached that duty.

## Damages

### 23.

Plaintiff re-alleges and incorporates Paragraphs 1 through 22 above as if fully set forth, verbatim, herein.

### 24.

As a direct result of the incident proximately caused by the negligence of the Defendants, Plaintiff has sustained serious injuries.

### 25.

As a direct result of the incident proximately caused by the negligence of the Defendants, and as a direct result of the injuries suffered in said incident, Plaintiff has incurred extensive medical expenses.

### 26.

As a direct result of the incident proximately caused by the negligence of the Defendants, Plaintiff has experienced physical pain and suffering.

### 27.

Each negligent act of the Defendants, or a combination thereof, was the direct and proximate cause of the incident and the physical injuries and damages suffered by Plaintiff.

**WHEREFORE**, the Plaintiff respectfully prays:

a.   That summons be issued and that Defendants be served as provided by law;
b.   That judgment be rendered for the Plaintiff against Defendants, in such amount a fair and impartial jury may determine;
c.   That judgment be rendered for Plaintiff against Defendants, in such amount a fair and impartial jury may determine;
d.   That all costs of this action be cast upon the Defendants;
e.   That Plaintiff have such other and further relief as this Court may deem just and proper; and
f.   That all issues herein be submitted to a jury.

This 22nd day of December.

/s/ Michael R. Braun
Michael R. Braun
Georgia Bar No. 078534
Attorney for Plaintiff

Law Office of Michael R. Braun
445 Franklin Gateway SE
Marietta, Ga 30067
(770) 421-6888
Michael@GeorgiaInjury.com

Exhibit A



GEORGIA, MUSCOGEE COUNTY
SUPERIOR/STATE COURT
eFILED
12/22/2021 11:05 AM
DANIELLE F. FORTE, CLERK

## IN THE STATE COURT OF MUSCOGEE COUNTY
## STATE OF GEORGIA

VICKIE BENTON,                          :
                                        :
          Plaintiff,                    :
                                        :          **CIVIL ACTION FILE**
vs.                                     :
                                        :          **No.**  SC2021CV001593
                                        :
                                        :
SAM'S EAST, INC., WAL-MART          . . :
STORES EAST, LP.,WAL-MART               :
STORES, INC., SAM'S REAL ESTATE  :
BUSINESS TRUST, WAL-MART REAL :
ESTATE BUSINESS TRUST, JOHN        :
DOE,  ABC CORPORATION 1, and       :
ABC CORPORATION 2,                      :
                                        :
          Defendants.                   :
                                        :
_____

## PLAINTIFF'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS TO DEFENDANT, SAM'S EAST, INC.

To:    Sam's East, Inc.
       By and trough their Registered Agent, to wit:
       Corporation Process Company
       106 Colony Park Drive, Suite 800-B
       Cumming, Ga 30040-2794

       Pursuant to O.C.G.A. §9-11-34, you are requested to produce the following documents as required by law.  The documents requested shall be produced within forty-five (45) days after service of this request at Law Office of Michael R. Braun, LLP, located at 445 Franklin Gateway SE Marietta, Georgia 30067-7705 or you may comply with this request by mailing copies of the requested documents to said address.

**Definitions and Instructions**

1.     These discovery requests are intended to cover all information and documents in your possession or control, or subject to your control, wherever located.

2.  The term "person[s]" means any natural person, firm, partnership, joint venture, corporation, or any judicial person, or any other legal entity.

3.  The words "document" and "documents" mean all written, recorded, or graphic matters, however produced or reproduced, whether or not privileged, pertaining in any way to the subject matter of this action. This definition includes, but is not limited to, any and all originals, copies, or drafts of any and all of the following: records, notes, summaries, schedules, contracts or agreements, drawings, sketches, invoices, orders or acknowledgments, diaries, reports, memoranda of telephone or in person conversations by or with any person, or any other memoranda, letters, telegrams, telexes or cables prepared, drafted, received or sent, tapes, transcripts or recordings, photographs, pictures or films, computer programs or data or other graphic, symbolic recorded or written materials of any nature whatsoever. Any document which contains any comment, notation, addition, insertion, or marking of any kind that is not of another document is to be considered a separate document.

4.  The words "concern," "concerns," or "concerning" include but are not necessarily limited to, containing, referring to, relating to, connected with, about, regarding, mentioning, discussing or describing.

5.  You must make a diligent search of your records and of other papers and materials in your possession or available to you or your representatives. If any requested document cannot be produced in full, produce it to the extent possible, specifying the document or portion of documents being withheld and the reason the document is being withheld.

6.  You are requested to indicate which documents are produced in response to each numbered request, and to furnish an affidavit stating whether the production is complete in accordance with this request.

7.  If you claim that the attorney-client privilege or any other privilege is applicable to any request, the substance of that event or information or document need not be disclosed in your answers, but you shall with respect to that document:
    a.  State the date of the event or document;
    b.  Identify each and every participation in the event or author of the document;
    c.  Identify each and every other person who participated in the event or prepared or participated in the preparation of the document;
    d.  Identify each and every person who received the document;
    e.  Identify each and every person from whom the document was received.
    f.  State the present location of the document and all copies thereof.
    g.  Identify each and every person having custody or control of the document and all copies thereof; and
    h.  Provide sufficient further information concerning the event, information or document and the circumstances thereof to explain the claim or privilege and to permit the adjudication of the propriety of that claim.

8.  You are required to furnish all information that is available to you or subject to your

reasonable inquiry including information in the possession of your agents, attorneys, accountants, advisors or other persons directly or indirectly employed by or connection with, you or your attorneys, and anyone else otherwise subject to your control.

9.     The term "knowledge" means first-hand information and/or information derived from any other source including hearsay knowledge.

10.    The term "communication[s]" means all communications of any nature whatsoever, whether oral or in writing.

11.    The term "gender" shall include the male as well as the female, and the singular pronoun shall include the plural.

12.    Each of the following requests is continuing in nature. In the event that Defendant, at any later date, shall obtain any fact, make any assumption or contention, reaches any conclusion or opinions different from or supplementary to those set forth in the answers to these requests then in such event Defendant should amend said answers promptly and sufficiently prior to trial or test, fully setting forth such information.

**Special Definition**

In responding to these Requests you are advised of the following definitions:

a.     "Premises", "Premises in question", "parking lot", and "crosswalk", shall refer to the crosswalk, which leads from the parking lot, which runs between Wal-Mart Supercenter No. 1311 and Sam's Club No. No. 8213, and which is located in Muscogee County, Georgia at 5448 Whittlesey Blvd., Suites A and B, Columbus GA 31909-7298 to the front entrance of Sam's Club No. 8213. A photograph of the premises is attached hereto, as Exhibit A, for reference.

b.     "Water meter" shall refer to, what appears to be a water meter cover, as depicted in Exhibit A, attached hereto.

c.     "Incident" or "incident in question" shall refer to the April 10, 2020, fall, which the Plaintiff experienced in the parking lot, which runs between Wal-Mart Supercenter No. 1311 and Sam's Club No. 8213, and which is located in Muscogee County, Georgia at 5448 Whittlesey Blvd., Suites A and B, Columbus GA 31909-7298, and which is more fully set forth in Plaintiff's Complaint for Damages.

d.     "Defect", "Hazard", or "Condition" refer to the water meter cover, which Plaintiff contends caused her fall, and which is more fully set forth in Plaintiff's Complaint for Damages.

**Specific Requests:**

1. Any and all documents evidencing your ownership of the premises in question.

2. Any and all contracts between the defendant and any maintenance and/or repair service in effect at the time of plaintiff's injury.

3. Any and all leases, contracts, or other agreements through which this defendant came to occupy the premises in question.

4. Any contract between this defendant and any person or entity, including any and all co-defendants, responsible for maintaining the area of the fall, at the time of plaintiff's injuries.

5. Any and all documentation regarding the ownership, operation, repair, and maintenance, of the area in question, and which is described in Plaintiff's Complaint.

6. Any indemnity agreement between any of the parties to this case.

7. Any indemnity agreement between any party to this case and nonparty, which is relevant to the incident and injuries made the basis of this suit.

8. A copy of any legal documents that document defendant's status as a legal entity, corporation, partnership, sole proprietorship, or joint venture.

9. Any joint venture agreement between the parties or between any party to this suit and any non-party regarding the ownership, operation, repair, maintenance, advertising, security or other service of or for the premises in question.

10. Any rules, management guidelines, operating guidelines, or other similar writing or document that purports to show operating procedures for the management, care, maintenance, repair, cleaning and service of the parking lot at the Sam's Club No. 8213.

11. Any and all photographs, or video tape, that defendant has of the incident itself, the scene of the incident or the resulting injuries to the plaintiff.

12. Any and all expert reports which have been obtained from any expert and if a report has not been prepared, the preparation of a report is hereby requested.

13. Any and all insurance agreements or policies under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment which may be rendered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

14. Copies of any and all statements previously made by plaintiff concerning the subject matter of this lawsuit, including any written statement signed or otherwise adopted or approved by the plaintiff hereto and any stenographic, mechanical, electrical, or other type of

recording or any transcription thereof made by plaintiff hereto and contemporaneously recorded.

15.    Copies of any and all statements previously made by any person concerning the subject matter of this lawsuit, including any written statement signed or otherwise adopted or approved by the plaintiff hereto and any stenographic, mechanical, electrical, or other type of recording or any transcription thereof made by plaintiff hereto and contemporaneously recorded.

16.    Any and all drawings, maps, or sketches of the scene of the incident that has been made the basis of this lawsuit.

17.    Any and all settlement agreements, wherein you have arrived at a settlement or agreement between you and any other person, whether or not a party to this lawsuit, regarding or pertaining to the incident made the basis of this lawsuit or any damages resulting therefrom.

18.    A copy of any surveillance movies or photographs which have been made of the scene of the incident for a period of four hours prior to the incident until four hours after the incident.

19.    A copy of any surveillance movies or photographs, which have been made of the plaintiff.

20.    Any and all incident reports, report of visitor injury or other type of documentation, which purports to evidence the facts surrounding this incident and the investigation into said incident.

21.    Any and all incident reports, report of visitor injury or other type of documentation, which purports to evidence any and all individuals claiming to have tripped over the same water meter hole that the Plaintiff claims to have caused her fall.

22.    Any and all expert reports that were or will be reviewed by any expert in this case.

23.    Any and all expert reports or things that were or will be relied upon in whole or in part by any testifying expert in this case.

24.    Any and all work papers, notes, documents in the file of any expert witness who is expected to testify, or in the file of any expert witness who has written a report which is or will be relied upon in whole or in part by a testifying expert.

25.    All documents or tangible things prepared by any expert whom you expect to call as a witness, including but not limited to those, which would include his report, factual observations, opinions, conclusions, photographs, field notes, calculations, models, and exhibits.

26.    Any treatises or authoritative literature on which any expert intends to rely in his testimony in this case.

27.   Copies of reports of all similar incidents prepared by any and all employees of the premises in question from one year prior to the incident up to and through the present.

28.   A current copy of the curriculum vitae together with any other documents in your possession pertaining to the credentials and qualifications of any and all experts to be called by Defendant to testify at trial.

29.   All materials including, but not limited to, policies, procedures, employee manuals, memoranda, and correspondence pertaining to safety rules and/or regulations to be followed by the employees of this defendant, after an incident wherein an injury occurs.

30.   All materials including, but not limited to, policies, procedures, employee manuals, memoranda, and correspondence pertaining to rules and/or regulations to be followed by the employees of this defendant when in the process of performing any type of maintenance or repair on the parking lot.

31.   All materials including, but not limited to, employee manuals, memoranda, and correspondence pertaining to safety rules and/or regulations to be followed by the employees of this defendant when in the process of performing any type of maintenance or repair on the parking lot.

32.   Any and all documents, which in any way whatsoever, pertains to maintaining, repairing, resurfacing, repaving and/or repainting the area of the parking lot, where Plaintiff claims to have fallen.

33.   Please provide copies of any and all documentation, which would evidence any and all maintenance, repair, change, alteration, or other work done to the area where the incident occurred, including but not limited to any and all resurfacing, repaving, and/or repaiting the lines or the wording that is on the surface of said parking lot, at any time, since the parking lot was originally constructed.

34.   Any and all books, documents, photographs, or other tangible things which may be used at the time of trial, which may have a bearing on this cause of action.

35.   Any and all documents and tangible things whose production has not been requested pursuant to any other item of this request which you intend to offer into evidence at the trial of this case.

36.   Any and all documents and tangible things whose production has not been requested pursuant to any other item of this request which you do not intend to offer into evidence at the trial of this case, but which may be used as demonstrative evidence at trial.

37.   Copies of any and all documents, which would evidence any and all inspections of the area where the incident occurred, at any time, since the parking lot was originally constructed.

38.   Copies of any and all records (including but not limited to Plaintiff's medical records),

memorandum, billing statements (including but not limited to billing statements of Plaintiff's medical providers), notes, or other documentation of any kind, which is received as a result of any and all non-party requests for the production of documents sent out by, or on behalf of, Defendant.

This 22nd day of December 2021.

/s/ Michael R. Braun
Michael R. Braun
Georgia Bar No. 078534
Attorney for Plaintiff

Law Office of Michael R. Braun
445 Franklin Gateway SE
Marietta, Ga 30067
(770) 421-6888
Michael@GeorgiaInjury.com

# Exhibit A



GEORGIA, MUSCOGEE COUNTY
SUPERIOR/STATE COURT
eFILED
12/22/2021 11:05 AM
DANIELLE F. FORTE, CLERK

## IN THE STATE COURT OF MUSCOGEE COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **VICKIE BENTON,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CIVIL ACTION FILE** |
| **vs.** | : | |
| | : | **No.** SC2021CV001593 |
| | : | |
| SAM'S EAST, INC., WAL-MART | : | |
| STORES EAST, LP.,WAL-MART | : | |
| STORES, INC., SAM'S REAL ESTATE | : | |
| BUSINESS TRUST, WAL-MART REAL | : | |
| ESTATE BUSINESS TRUST, JOHN | : | |
| DOE,  ABC CORPORATION 1, and | : | |
| ABC CORPORATION 2, | : | |
| | : | |
| **Defendants.** | : | |

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS OF FACT TO DEFENDANT, SAM'S EAST, INC.

TO:    Sam's East, Inc.
       By and trough their Registered Agent, to wit:
       Corporation Process Company
       106 Colony Park Drive, Suite 800-B
       Cumming, Ga 30040-2794

COMES NOW Plaintiff and, pursuant to O.C.G.A. §9-11-36, files and serves the within and

following Plaintiff's First Requests for Admissions of Fact, and hereby requests that this Defendant

make the following admissions, for the purposes of the pending action only, of the truth of the

matters herein below set forth:

**Prefatory Note**

You are hereby notified, pursuant to O.C.G.A. § 9-11-37(c), that if you fail to admit the

truth of any matter or the genuineness of any document as requested under O.C.G.A §9-11-36, and

if this Plaintiff thereafter proves the truth of any such matter or the genuineness of any such

document, this Plaintiff will apply to the Court for an order requiring you to pay this Plaintiff the

reasonable expenses incurred in making that proof, including reasonable attorney's fees.

**Special Definition**

In answering these Requests, you are advised of the following definition:

a.  "Premises", "Premises in question", "parking lot", and "crosswalk", shall refer to the crosswalk, which leads from the parking lot, which runs between Wal-Mart Supercenter No. 1311 and Sam's Club No. No. 8213, and which is located in Muscogee County, Georgia at 5448 Whittlesey Blvd., Suites A and B, Columbus GA 31909-7298 to the front entrance of Sam's Club No. 8213. A photograph of the premises is attached hereto, as Exhibit A, for reference.

b.  "Water meter" shall refer to, what appears to be a water meter cover, as depicted in Exhibit A, attached hereto.

c.  "Incident" or "incident in question" shall refer to the April 10, 2020, fall, which the Plaintiff experienced in the parking lot, which runs between Wal-Mart Supercenter No. 1311 and Sam's Club No. No. 8213, and which is located in Muscogee County, Georgia at 5448 Whittlesey Blvd., Suites A and B, Columbus GA 31909-7298, and which is more fully set forth in Plaintiff's Complaint for Damages.

d.  "Defect", "Hazard", or "Condition" refer to the water meter cover, which Plaintiff contends caused her fall, and which is more fully set forth in Plaintiff's Complaint for Damages.

**Please admit or deny the truthfulness of the following:**

1.  Do you admit or deny that venue for this lawsuit is proper in Muscogee County?

2.  Do you admit or deny that jurisdiction for this lawsuit is proper in Muscogee County?

3.  Do you admit or deny that this Defendant has been properly served with a copy of a Complaint in this lawsuit?

4.  Do you admit or deny that Sam's East, Inc. was a corporation on the date of the incident in question?

5.  Do you admit or deny that, on the date of the incident in question, this Defendant owned and operated the parking lot, which runs between Wal-Mart Supercenter No. 1311 and Sam's Club No. No. 8213, and which is located in Muscogee County, Georgia at 5448 Whittlesey Blvd., Suites A and B, Columbus GA 31909-7298?

6. Do you admit or deny that on April 10, 2020, the Plaintiff was an invitee on the premises in question and at the time of the incident in question?

7. Do you admit or deny that, on the date of the incident in question, Defendant John Doe, as the Manager of Sam's Club Store No. 8213, was an agent of this Defendant?

8. Do you admit or deny that, on the date of the incident in question, Defendant John Doe, as the Manager and agent of Sam's Club Store No. 8213, had supervisory control over Sam's Club Store No. 8213, including the the parking lot, which runs between Wal-Mart Supercenter No. 1311 and Sam's Club No. No. 8213, and which is located in Muscogee County, Georgia at 5448 Whittlesey Blvd., Suites A and B, Columbus GA 31909-7298?

9. Do you admit or deny that, on the date of the incident in question, Defendant John Doe, as the Manager and agent of Sam's Club Store No. 8213, had a duty to keep and maintain all areas of the parking lot, which runs between Wal-Mart Supercenter No. 1311 and Sam's Club No. No. 8213, and which is located in Muscogee County, Georgia at 5448 Whittlesey Blvd., Suites A and B, Columbus GA 31909-7298, safe for invitees?

10. Do you admit or deny that, on the date of the incident in question, Defendant John Doe, as the Manager and agent of Sam's Club Store No. 8213, had a duty to inspect, maintain, and repair the parking lot, which runs between Wal-Mart Supercenter No. 1311 and Sam's Club No. No. 8213, and which is located in Muscogee County, Georgia at 5448 Whittlesey Blvd., Suites A and B, Columbus GA 31909-7298 on behalf of the owners?

11. Do you admit or deny that, on the date of the incident in question, Defendant John Doe, as the Manager and agent of Sam's Club Store No. 8213, had a duty to oversee the inspection, maintenance, and repair of the parking lot, which runs between Wal-Mart Supercenter No. 1311 and Sam's Club No. No. 8213, and which is located in Muscogee County, Georgia at 5448 Whittlesey Blvd., Suites A and B, Columbus GA 31909-7298, on behalf of the owners?

12. Do you admit or deny that the water meter, as depicted in Exhibit A, attached hereto, is recessed, and not level with the rest of the parking lot?

13. Do you admit or deny that the recessed water meter, as depicted in Exhibit A, attached hereto, is a hazardous condition?

14. Do you admit or deny that on April 10, 2020, this Defendant was responsible for ensuring the safety of its customers as they traversed the area where the incident in question occurred?

15. Do you admit or deny that on April 10, 2020, the Plaintiff fell, due the presence of a recessed water meter, in the parking lot, which runs between Wal-Mart Supercenter No. 1311 and Sam's Club No. No. 8213, and which is located in Muscogee County, Georgia at 5448 Whittlesey Blvd., Suites A and B, Columbus GA 31909-7298?

16. Do you admit or deny that this Defendant, or an agent or employee thereof, had an obligation to exercise ordinary care in an effort to keep the area where the incident in question occurred, in a safe condition?

17. Do you admit or deny that this Defendant breached its duty, as described in Request for Admission of Fact number 16?

This 22nd day of December 2021.

/s/ Michael R. Braun
Michael R. Braun
Georgia Bar No. 078534
Attorney for Plaintiff

Law Office of Michael R. Braun
445 Franklin Gateway SE
Marietta, Ga 30067
(770) 421-6888
Michael@GeorgiaInjury.com

Exhibit A



GEORGIA, MUSCOGEE COUNTY
SUPERIOR/STATE COURT
eFILED
12/22/2021 11:05 AM
DANIELLE F. FORTE, CLERK

## IN THE STATE COURT OF MUSCOGEE COUNTY
## STATE OF GEORGIA

VICKIE BENTON,                                    :
                                                  :
       **Plaintiff,**                             :
                                                  :          **CIVIL ACTION FILE**
**vs.**                                           :
                                                  :          **No.** SC2021CV001593
                                                  :
SAM'S EAST, INC., WAL-MART                         :
STORES EAST, LP., WAL-MART                         :
STORES, INC., SAM'S REAL ESTATE                   :
BUSINESS TRUST, WAL-MART REAL                     :
ESTATE BUSINESS TRUST, JOHN                        :
DOE,  ABC CORPORATION 1, and                      :
ABC CORPORATION 2,                                :
                                                  :
       **Defendants.**                            :
_____ :

## PLAINTIFF'S FIRST INTERROGATORIES
## TO DEFENDANT, SAM'S EAST, INC.

To:    Sam's East, Inc.
       By and trough their Registered Agent, to wit:
       Corporation Process Company
       106 Colony Park Drive, Suite 800-B
       Cumming, Ga 30040-2794

       COMES NOW, Plaintiff, pursuant to O.C.G.A. §9-11-33 submits herewith to this Defendant,

for response within thirty-three (33) days after service hereof, in the form provided by law, the

following attached Interrogatories,

**Definitions and Instructions**

1.     These discovery requests are intended to cover all information and documents in your
       possession or control, or subject to your control, wherever located.

2.     The term "person[s]" means any natural person, firm, partnership, joint venture,
       corporation, or any judicial person, or any other legal entity.

3.     The words "identify," "identity," or "identification," mean as follows:
       a.  When used in reference to a natural person, you are required to state his or her full name

and present or last known address, his or her present or last known position and business affiliation.

b. When used in reference to a corporation, you are required to state its full name, its principal place of business, its state of incorporation, its date of incorporation, and its principal executive officer.

c. When used in reference to a location, you are required to state the street address, city, state, suite and/or room number.

d. When used in reference to a meeting, you are required to state the date of the meeting, the place of the meeting, the identity of each and every person present at the meeting, a general description of substance of the discussions and the decisions (if any) reached at or as a result of the meeting, the identity of each and every document concerning what occurred at the meeting, and the identity of each and every document concerning any of the subjects discussed or to be discussed at the meeting, including agenda.

e. When used in reference to an oral conversation, you are required to state the date of the conversation, the place of the conversation, the identity of each and every person who participated in the conversation or who was present during the conversation, a general description of the substance of the conversation, and the identity of each and every document concerning the conversation.

f. When used in reference to a document, your description should include, but not be limited to, the name, address, telephone number, occupation, job title and employer of the present custodian of the document; the date of the making of the document and the name, address, telephone number, occupation, job title and employer of each person whose testimony could be used to authenticate such document and lay the foundation for its introduction into evidence; its author, it's title (if any), its subject matter, the type of document (e.g., letter, memorandum, telegram, chart, computer input or printout, photograph, sound reproduction, etc.), its present location and the name of its present custodians, or, if the above information is not available, some other means of identifying it; and if any such document was, but is no longer, in your possession, custody or subject to your control, or in existence, state whether it is (a) missing or lost, (1)) has been destroyed, (c) has been transferred, voluntarily or involuntarily, to others, or (d) otherwise disposed of, and, in each instance, explain the circumstances surrounding the reason for such disposition thereof.

4. The words "document" and "documents" mean all written, recorded, or graphic matters, however produced or reproduced, whether or not privileged, pertaining in any way to the subject matter of this action. This definition includes, but is not limited to, any and all originals, copies, or drafts of any and all of the following: records, notes, summaries, schedules, contracts or agreements, drawings, sketches, invoices, orders or acknowledgments, diaries, reports, memoranda of telephone or in person conversations by or with any person, or any other memoranda, letters, telegrams, telexes or cables prepared, drafted, received or sent, tapes, transcripts or recordings, photographs, pictures or films, computer programs or data or other graphic, symbolic recorded or written materials of any nature whatsoever. Any document, which contains any comment, notation, addition, insertion, or marking of any kind that is not of another document, is to be considered a separate document.

5. The words "concern," "concerns," or "concerning" include but are not necessarily limited to, containing, referring to, relating to, connected with, about, regarding, mentioning, discussing or describing.

6. If you claim that the attorney-client privilege or any other privilege is applicable to any interrogatory or request, the substance of that event or information or document need not be disclosed in your answers, but you shall with respect to that document:
   a. State the date of the event or document;
   b. Identify each and every participation in the event or author of the document;
   c. Identify each and every other person who participated in the event or prepared or participated in the preparation of the document;
   d. Identify each and every person who received the document;
   e. Identify each and every person from whom the document was received.
   f. State the present location of the document and all copies thereof.
   g. Identify each and every person having custody or control of the document and all copies thereof; and
   h. Provide sufficient further information concerning the event, information or document and the circumstances thereof to explain the claim or privilege and to permit the adjudication of the propriety of that claim.

7. If you exercise the option under O.C.G.A. §9-11-33(c) to produce business records in lieu of responding to any interrogatory, the following procedure is to be followed:
   a. In response to each such interrogatory, you are required to identify each said document; and
   b. In producing such document, you are required to produce said document separately and to designate the interrogatory or interrogatories to which said document responds, as well as the identification of the file(s) from which the documents were segregated.

8. You are required to furnish all information that is available to you or subject to your reasonable inquiry including information in the possession of your agents, attorneys, accountants, advisors or other persons directly or indirectly employed by or connection with, you or your attorneys, and anyone else otherwise subject to your control.

9. You must make a diligent search of your records and of other papers and materials in your possession or available to you or your representatives. If an interrogatory or request has subparts, answer each part separately in full, and do not limit the answer as a whole. If any interrogatory or requests cannot be answered in full, answer to the extent possible, specify the reason for your inability to answer, and state whether you have information and knowledge regarding the unanswered portion.

10. The term "knowledge" means first-hand information and/or information derived from any other source including hearsay knowledge.

11. The term "communication[s]" means all communications of any nature whatsoever, whether oral or in writing.

3

12. The term "gender" shall include the male as well as the female, and the singular pronoun shall include the plural.

Please be advised that each of the following interrogatories is continuing in nature. In the event that Defendant, at any later date, shall obtain any fact, make any assumption or contention, reaches any conclusion or opinions different from or supplementary to those set forth in the answers to these interrogatories, then in such event Defendant should amend said answers promptly and sufficiently prior to trial or test, fully setting forth such information.

**Special Definition**

In answering these Interrogatories you are advised of the following definitions:

a.   "Premises", "Premises in question", "parking lot", and "crosswalk", shall refer to the crosswalk, which leads from the parking lot, which runs between Wal-Mart Supercenter No. 1311 and Sam's Club No. No. 8213, and which is located in Muscogee County, Georgia at 5448 Whittlesey Blvd., Suites A and B, Columbus GA 31909-7298 to the front entrance of Sam's Club No. 8213. A photograph of the premises is attached hereto, as Exhibit A, for reference.

b.   "Water meter" shall refer to, what appears to be a water meter cover, as depicted in Exhibit A, attached hereto.

c.   "Incident" or "incident in question" shall refer to the April 10, 2020, fall, which the Plaintiff experienced in the parking lot, which runs between Wal-Mart Supercenter No. 1311 and Sam's Club No. No. 8213, and which is located in Muscogee County, Georgia at 5448 Whittlesey Blvd., Suites A and B, Columbus GA 31909-7298, and which is more fully set forth in Plaintiff's Complaint for Damages.

d.   "Defect", "Hazard", or "Condition" refer to the water meter cover, which Plaintiff contends caused her fall, and which is more fully set forth in Plaintiff's Complaint for Damages.

**Interrogatories**

1.   State the name, address, and registered agent of the owner of the area of the Premises in question, as defined above.

2.   State the full name, address, job title, and present employer of each person answering and assisting in answering these Interrogatories on behalf of the Defendant?

3.   Has the Defendant been sued under his/its correct name? If not, please state the correct name and explain your answer so that service may be properly obtained.

4

4. Does any primary and/or excess insurance agreement or bond exist under the terms of which the person or company issuing the same may be called upon to satisfy all or part of any judgment which may be entered in favor of the Plaintiff in this action?
   a. If such an insurance agreement or bond does exist, what are the limits of liability contained in the terms of each such agreement?
   b. If such an insurance agreement or bond does exist, what are the legal names of each and every party to each agreement itself and to any further or subordinate agreement, which in any way relates to the terms of any such agreement?
   c. What is the amount of any deductible or self-insured retention as to each such agreement?

5. State the name and address of the person or entity in control of that area of the premises where the incident in question occurred, at the time of the occurrence.

6. State the name address and telephone number of the store manager of Sam's Club Store No. 8213, on April 10, 2020.

7. State the name address and telephone number of the assistant store manager of Sam's Club Store No. 8213, on April 10, 2020.

8. State each and every change, repair, instance of maintenance, and/or alteration of the recessed water meter, which plaintiff alleges to have been the cause of the incident in question, or the surrounding crosswalk, at any time before or after the incident at issue, including a description of what was done, the associated cost, and the name address and telephone number of the contractor, subcontractor, or other entity or individual, that effectuated said change or alteration.

9. State the name, address, and telephone number of each and every contractor, subcontractor and/or other entity or individual that installed the water meter, and/or water meter cover, which is depicted in exhibit A, attached hereto.

10. State the name, address, and telephone number of each and every contractor, subcontractor and/or other entity or individual that has, at any time, performed any type of maintenance or repair on the parking lot, which is at issue herein. Your response shall include, but not be limited to, each and every instance of painting, resurfacing, repaving, or other change in the surface of the area of the parking lot, which is at issue, including the crosswalk.

11. State the name and address of each person, including experts, having any knowledge of relevant facts related to the incident which is the basis of this suit, the cause thereof, or the damages resulting therefrom.

12. State the name, address and telephone number of any persons who witnessed the occurrence in question.

5

13.   State the name and address of any potential party to this lawsuit, not already named as party hereto.

14.   Only if you allege any defense to this action based on jurisdiction, venue, issuance of process, process itself, or service of process, as to each such defense, please state:
      a.  Each and every fact upon which you rely in asserting such defense;
      b.  Provide a complete description of all documents which you contend support the assertions of the said defense;
      c.  The name and address of all persons having custody and control of the documents described in (b) above; and
      d.  Please provide the full and complete legal addresses of this Defendant's registered office and agent.

15.   If you contend that any person, firm, or entity caused or contributed to the injuries to the Plaintiff, identify by name, address, job title, and employer all such persons, firms or entities and state the reasons for your contentions.

16.   Please state whether or not you have a copy of any statement, which the plaintiff has previously made concerning this action or its subject matter and which is in your possession, custody or control.

17.   Identify each oral or written statement or transcript that has been taken from any person or persons purporting to have knowledge with regards to the incident or any other contention involved in this action, by stating the name of the person giving each statement, the date thereof, the type of statement (i.e. oral, written, recorded, etc.) and the name and address of the custodian of any copy thereof.

18.   Describe any insurance agreement under which insurance business may be liable to satisfy part or all of the judgment which may be entered in this action, or to indemnify or reimburse for payments made to satisfy the judgment, by stating the name of the person or entity insured the name of the insurer and the amount of any liability insurance coverage.

19.   Describe defendant's contentions as to how the incident which forms the basis of this suit occurred and state specifically and in detail what the claim or contention of the defendant will be regarding any cause or contributing cause of the incident, including a statement in detail of the facts or information upon which this contention is based.

20.   Describe in detail any conversations that any employee or agent for defendant has had with the plaintiff or plaintiff's representative following the incident in question.

21.   State the full name, current address, telephone number, qualifications, and present employment of each person who you expert to call as an expert witness at the trial of this case, the subject matter on which each expert is expected to testify, the substance of the facts and opinions to which each expert is expected to testify and the summary of the grounds for each opinion expected to be expressed by such expert.

6

22.     State whether any expert whom you expect to call as a witness has prepared a report formal or informal and if so state the date(s) of such report(s) and to whom addressed.

23.     Please state the name and address of each expert consulted whose report or work product will be relied upon in whole or in part by any expert witness whom you expect to call at the trial of this case.

24.     Please describe any claims or lawsuits that have heretofore been brought against this defendant by reason of the incident or injury at the same or similar location or a similar type of incident on the defendant's premises at some other location.

25.     Please describe in detail any changes that have been made by this Defendant to the physical site of the incident or to the warning or signs relating thereto since the occurrence in question.

26.     Did the defendant conduct an investigation of the incident that forms the basis of this suit? If your answer is in the affirmative, please state the name of the person or persons who conducted the investigation, as well as a description of any and all results of said investigation.

27.     What is the defendant's contention as to the cause of the incident that forms the basis of this lawsuit?

28.     What is the defendant's contention as to the plaintiff's legal status on the premises at the time of the occurrence in question, that is, whether plaintiff was a business invitee, licensee or trespasser?

29.     If you contend that the plaintiff was not a business invitee at the time of the occurrence in question, please state and describe each fact document or thing upon which you base such a contention.

30.     When was the date and time of the last inspection by defendant, its agents or employees, of the physical site where this incident occurred?

31.     Please state whether defendant was aware that the water meter, which is at issue herein, was recessed from the roadway, and not level to the roadway.

32.     Describe what efforts the defendant made to warn the public of the recessed water meter, which plaintiff alleges to be the cause of the occurrence in question, at any time prior to the time of the incident in question.

33.     What is the Defendant's contention as to the Plaintiff's knowledge (before the incident), objective or subjective, of the recessed water meter that plaintiff alleges to be the cause of the occurrence in question?

34.  What efforts were made by the defendant to make the crosswalk level, in the area of the recessed water meter, which plaintiff contends caused the occurrence in question, *before* the incident in question.

35.  What efforts were made by the defendant to make the crosswalk level, in the area of the recessed water meter, which plaintiff contends caused the occurrence in question, *after* the incident in question.

36.  Does the Defendant contend that the plaintiff consumed alcoholic beverages or drugs at the time of or immediately preceding the time of the accident?

37.  Did the defendant have any procedures for regular inspection of the premises at the time of the occurrence in question: if so, please describe.

38.  Please identify all photographs, motion pictures, video, TV recording, maps, drawings charts diagrams measurements, surveys, incident reports, or other documents concerning the events and happenings made the basis of this lawsuit, the area of the occurrence made the basis of this lawsuit, persons or objects involved, either made before, at the time of or after the time of the events in question, including any photographs made of you at any time since the incident made the basis of this lawsuit, that you, your attorney, your insurance carrier or anyone acting on your or their behalf, have or know of.

39.  Please state the name and address of each and every person who was employed by this Defendant and who was working in the area of the incident, at said store within a hour before and two hours after the incident in question.

This 22nd day of December 2021.

/s/ Michael R. Braun
Michael R. Braun
Georgia Bar No. 078534
Attorney for Plaintiff

Law Office of Michael R. Braun
445 Franklin Gateway SE
Marietta, Ga 30067
(770) 421-6888
Michael@GeorgiaInjury.com

8

# Exhibit A



GEORGIA, MUSCOGEE COUNTY
SUPERIOR/STATE COURT
eFILED
12/22/2021 11:05 AM
DANIELLE F. FORTE, CLERK

## IN THE SUPERIOR/STATE COURT OF MUSCOGEE COUNTY

## STATE OF GEORGIA

Vickie Benton
_____

_____

_____

PLAINTIFF

VS.

Wal-Mart Stores East, LP
_____

106 Colony Park Drive, Suite 800-B
_____

Cumming, Ga 30040-2794
_____

DEFENDANT

CASE ACTION NUMBER SC2021CV001593

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Michael R. Braun
_____

445 Franklin Gateway SE
_____

Marietta, Ga 30067
_____

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This __22nd__ day of _____DECEMBER_____, __2021__.

Clerk of Superior Court/State Court

By: /s/ Desiree Davis
_____

Deputy Clerk

GEORGIA, MUSCOGEE COUNTY
SUPERIOR/STATE COURT
eFILED
12/22/2021 11:05 AM
DANIELLE F. FORTE, CLERK

## IN THE STATE COURT OF MUSCOGEE COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **VICKIE BENTON,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CIVIL ACTION FILE** |
| **vs.** | : | |
| | : | **No.** SC2021CV001593 |
| | : | |
| **SAM'S EAST, INC., WAL-MART** | : | |
| **STORES EAST, I.P.,WAL-MART** | : | |
| **STORES, INC., SAM'S REAL ESTATE** | : | |
| **BUSINESS TRUST, WAL-MART REAL** | : | |
| **ESTATE BUSINESS TRUST, JOHN** | : | |
| **DOE,  ABC CORPORATION 1, and** | : | |
| **ABC CORPORATION 2,** | : | |
| | : | |
| **Defendants.** | : | |

## COMPLAINT FOR DAMAGES

COMES NOW Vickie Benton, Plaintiff in the above-styled action, and hereby makes the following Complaint for Damages and shows the Court as follows:

1.

Defendant, Sam's East, Inc. is a Foreign Corporation, conducting business in the State of Georgia, and may be served with process through their registered agent for service, to wit: Corporation Process Company, 106 Colony Park Drive, Suite 800-B, Cumming, GA 30040-2794. Defendant Sam's East, Inc., is subject to the jurisdiction and venue of this Court.

2.

Defendant, Wal-Mart Stores East, LP, is a Foreign Corporation, conducting business in the State of Georgia, and may be served with process through their registered agent for service, to wit: Corporation Process Company, 106 Colony Park Drive, Suite 800-B, Cumming, GA 30040-2794. Defendant Wal-Mart Stores East, LP, is subject to the jurisdiction and venue of this Court.

3.

Defendant Wal-Mart Stores, Inc. is a Foreign Corporation, conducting business in the State of Georgia, and may be served with process through their registered agent for service, to wit: Corporation Process Company, 106 Colony Park Drive, Suite 800-B, Cumming, GA 30040-2794. Defendant Wal-Mart Stores East, LP, is subject to the jurisdiction and venue of this Court.

4.

Defendant Sam's Real Estate Business Trust is a Foreign Trust that owns a tract of land that is located in Muscogee County, Georgia, at 5448 Whittlesey Blvd., Ste A, Columbus GA 31909-7298. Defendant Sam's Real Estate Business Trust is subject to the jurisdiction and venue of this Court, and may be served with process through their registered agent for service, to wit: The Corporation Trust Company, 1209 N Orange St., Wilmington DE 19801-1120.

5.

Defendant Wal-Mart Real Estate Business Trust is a Foreign Trust that owns a tract of land that is located in Muscogee County, Georgia, at 5448 Whittlesey Blvd., Ste B, Columbus GA 31909-7298. Defendant Wal-Mart Real Estate Business Trust is subject to the jurisdiction and venue of this Court, and may be served with process through their registered agent for service, to wit: The Corporation Trust Company, 1209 N Orange St., Wilmington DE 19801-1120.

6.

Defendant John Doe is a citizen and resident of the State of Georgia, who, at all times relevant to this action, was working as a Manager and agent of one or more of the named Defendants. Venue and jurisdiction are proper as to this Defendant.

7.

Defendant, ABC Corporation 1, is a currently unknown Georgia Corporation who, at all times relevant hereto, was responsible for the maintenance and repair of the parking lot that is at issue, as further described herein below. Defendant ABC Corporation 1 is subject to the jurisdiction and venue of this Court.

8.

Defendant, ABC Corporation 2, is a currently unknown Georgia Corporation who, at all times relevant hereto, was responsible for the acts of repaving, resurfacing and/or repainting of the area of the parking lot that is at issue, as further described herein below. Defendant ABC Corporation 2 is subject to the jurisdiction and venue of this Court.

## Agency

9.

Whenever in this Complaint it is alleged that any named Defendant did any act or thing, it is meant that said Defendants' officers, agents, servants, employees or representatives did such act or thing and that at the time such act or thing was done, it was done with the full authorization or ratification of said Defendants or was done in the normal and routine course and scope of employment of said Defendants' officers, agents, servants, employees or representatives.

## Facts

10.

On April 10, 2020, Defendant Sam's East, Inc., individually, or in conjunction with one of the other named Defendants, owned the parking lot, which runs between Wal-Mart

Supercenter No. 1311 and Sam's Club No. No. 8213, and which is located in Muscogee County, Georgia at 5448 Whittlesey Blvd., Suites A and B, Columbus GA 31909-7298.

11.

On April 10, 2020, Defendant Wal-Mart Stores East, LP, individually, or in conjunction with one of the other named Defendants, owned the parking lot, which runs between Wal-Mart Supercenter No. 1311 and Sam's Club No. No. 8213, and which is located in Muscogee County, Georgia at 5448 Whittlesey Blvd., Suites A and B, Columbus GA 31909-7298.

12.

On April 10, 2020, Defendant Wal-Mart Stores Inc., individually, or in conjunction with one of the other named Defendants, owned the parking lot, which runs between Wal-Mart Supercenter No. 1311 and Sam's Club No. No. 8213, and which is located in Muscogee County, Georgia at 5448 Whittlesey Blvd., Suites A and B, Columbus GA 31909-7298.

13.

On April 10, 2020, Defendant Sam's Real Estate Business Trust individually, or in conjunction with one of the other named Defendants, owned the parking lot, which runs between Wal-Mart Supercenter No. 1311 and Sam's Club No. No. 8213, and which is located in Muscogee County, Georgia at 5448 Whittlesey Blvd., Suites A and B, Columbus GA 31909-7298.

14.

On April 10, 2020, Defendant Wal-Mart Real Estate Business Trust individually, or in conjunction with one of the other named Defendants, owned the parking lot, which runs between Wal-Mart Supercenter No. 1311 and Sam's Club No. No. 8213, and which is located in Muscogee County, Georgia at 5448 Whittlesey Blvd., Suites A and B, Columbus GA 31909-7298.

15.

On April 10, 2020, Defendant John Doe was employed as a Manager, at Wal-Mart Supercenter No. 1311 and/or Sam's Club No. 8213, which is located in Columbus, Muscogee County, Georgia.

16.

On April 10, 2020, Defendant John Doe, as a Manager of at Wal-Mart Supercenter No. 1311 and/or Sam's Club No. 8213, was an agent of one or more of the Defendants and, in that capacity, had supervisory control over the parking lot, which runs between Wal-Mart Supercenter No. 1311 and Sam's Club No. No. 8213, and which is located in Muscogee County, Georgia at 5448 Whittlesey Blvd., Suites A and B, Columbus GA 31909-7298.

17.

On April 10, 2020, Plaintiff, Vickie Benton, was an invitee of one of the named Defendants when, as she was walking in the crosswalk of the parking lot that runs between Wal-Mart Supercenter No. 1311 and Sam's Club No. No. 8213 (the "parking lot"), and towards the main entrance of Sam's Club Store No. 8213, she fell when she inadvertently stepped into hole, created by what is believed to be a water meter (the "hole"), and which was recessed and lower that then street.

**Negligence**

18.

Plaintiff re-alleges and incorporates Paragraphs 1 through 17 above as if fully set forth, verbatim, herein.

19.

The hole, which caused the Plaintiff's fall, was located in a crosswalk of the parking lot,

and constituted a hazardous and unsafe condition on the premises, as it was recessed and was painted in such a way that it blended in with the striping of the crosswalk, making it undiscernible to the human eye.

20.

The Defendants, jointly and severally, by and through their agents and employees, and as the owners of the parking lot and/or those responsible for the parking lot's maintenance and repair, owed a duty to Plaintiff to keep all areas of the parking lot in a safe condition, and breached that duty, by installing what is believed to be a water meter in a recessed position and then painting it in such a way as to be undiscernible, thereby creating the hazard that caused the Plaintiff to fall.

21.

The Defendants, jointly and severally, by and through their agents and employees, and as the owners of the parking lot and/or those responsible for the parking lot's maintenance and repair, owed a duty to Plaintiff to keep all areas of the parking lot in a safe condition, and breached that duty, by failing to discover, observe, and correct the hazard, created by the recessed and undiscernible hole, which caused the Plaintiff to fall

22.

Defendant John Doe, as a manager and agent of one or more of the Defendants, owed a duty to Plaintiff to keep and maintain all areas of the parking lot safe for invitees, including the obligation to inspect, maintain, and repair the premises on behalf of the owners, and breached that duty.

## Damages

23.

Plaintiff re-alleges and incorporates Paragraphs 1 through 22 above as if fully set forth, verbatim, herein.

24.

As a direct result of the incident proximately caused by the negligence of the Defendants, Plaintiff has sustained serious injuries.

25.

As a direct result of the incident proximately caused by the negligence of the Defendants, and as a direct result of the injuries suffered in said incident, Plaintiff has incurred extensive medical expenses.

26.

As a direct result of the incident proximately caused by the negligence of the Defendants, Plaintiff has experienced physical pain and suffering.

27.

Each negligent act of the Defendants, or a combination thereof, was the direct and proximate cause of the incident and the physical injuries and damages suffered by Plaintiff.

**WHEREFORE**, the Plaintiff respectfully prays:

a.  That summons be issued and that Defendants be served as provided by law;
b.  That judgment be rendered for the Plaintiff against Defendants, in such amount a fair and impartial jury may determine;
c.  That judgment be rendered for Plaintiff against Defendants, in such amount a fair and impartial jury may determine;
d.  That all costs of this action be cast upon the Defendants;
e.  That Plaintiff have such other and further relief as this Court may deem just and proper; and
f.  That all issues herein be submitted to a jury.

This 22nd day of December.

/s/ Michael R. Braun
Michael R. Braun
Georgia Bar No. 078534
Attorney for Plaintiff

Law Office of Michael R. Braun
445 Franklin Gateway SE
Marietta, Ga 30067
(770) 421-6888
Michael@GeorgiaInjury.com

# Exhibit A



GEORGIA, MUSCOGEE COUNTY
SUPERIOR/STATE COURT
eFILED
12/22/2021 11:56 AM
DANIELLE F. FORTE, CLERK

## IN THE STATE COURT OF MUSCOGEE COUNTY
## STATE OF GEORGIA

VICKIE BENTON,                          :
                                        :
       **Plaintiff,**                 :
                                        :      **CIVIL ACTION FILE**
**vs.**                                 :
                                        :      No.  SC2021CV001593
                                        :
SAM'S EAST, INC., WAL-MART              :
STORES EAST, LP.,WAL-MART               :
STORES, INC., SAM'S REAL ESTATE         :
BUSINESS TRUST, WAL-MART REAL           :
ESTATE BUSINESS TRUST, JOHN             :
DOE,  ABC CORPORATION 1, and            :
ABC CORPORATION 2,                      :
                                        :
       **Defendants.**               :
_____:

## PLAINTIFF'S FIRST INTERROGATORIES
## TO DEFENDANT, WAL-MART STORES EAST, LP

To:   Wal-Mart Stores East, LP
     By and trough their Registered Agent, to wit:
     Corporation Process Company
     106 Colony Park Drive, Suite 800-B
     Cumming, Ga 30040-2794

     COMES NOW, Plaintiff, pursuant to O.C.G.A. §9-11-33 submits herewith to this

Defendant, for response within thirty-three (33) days after service hereof, in the form provided by

law, the following attached Interrogatories,

**Definitions and Instructions**

1.     These discovery requests are intended to cover all information and documents in your
     possession or control, or subject to your control, wherever located.

2.     The term "person[s]" means any natural person, firm, partnership, joint venture,
     corporation, or any judicial person, or any other legal entity.

3.     The words "identify," "identity," or "identification," mean as follows:
     a.  When used in reference to a natural person, you are required to state his or her full

name and present or last known address, his or her present or last known position and business affiliation.

b. When used in reference to a corporation, you are required to state its full name, its principal place of business, its state of incorporation, its date of incorporation, and its principal executive officer.

c. When used in reference to a location, you are required to state the street address, city, state, suite and/or room number.

d. When used in reference to a meeting, you are required to state the date of the meeting, the place of the meeting, the identity of each and every person present at the meeting, a general description of substance of the discussions and the decisions (if any) reached at or as a result of the meeting, the identity of each and every document concerning what occurred at the meeting, and the identity of each and every document concerning any of the subjects discussed or to be discussed at the meeting, including agenda.

e. When used in reference to an oral conversation, you are required to state the date of the conversation, the place of the conversation, the identity of each and every person who participated in the conversation or who was present during the conversation, a general description of the substance of the conversation, and the identity of each and every document concerning the conversation.

f. When used in reference to a document, your description should include, but not be limited to, the name, address, telephone number, occupation, job title and employer of the present custodian of the document; the date of the making of the document and the name, address, telephone number, occupation, job title and employer of each person whose testimony could be used to authenticate such document and lay the foundation for its introduction into evidence; its author, it's title (if any), its subject matter, the type of document (e.g., letter, memorandum, telegram, chart, computer input or printout, photograph, sound reproduction, etc.), its present location and the name of its present custodians, or, if the above information is not available, some other means of identifying it; and if any such document was, but is no longer, in your possession, custody or subject to your control, or in existence, state whether it is (a) missing or lost, (1)) has been destroyed, (c) has been transferred, voluntarily or involuntarily, to others, or (d) otherwise disposed of, and, in each instance, explain the circumstances surrounding the reason for such disposition thereof.

4.   The words "document" and "documents" mean all written, recorded, or graphic matters, however produced or reproduced, whether or not privileged, pertaining in any way to the subject matter of this action. This definition includes, but is not limited to, any and all originals, copies, or drafts of any and all of the following: records, notes, summaries, schedules, contracts or agreements, drawings, sketches, invoices, orders or acknowledgments, diaries, reports, memoranda of telephone or in person conversations by or with any person, or any other memoranda, letters, telegrams, telexes or cables prepared, drafted, received or sent, tapes, transcripts or recordings, photographs, pictures or films, computer programs or data or other graphic, symbolic recorded or written materials of any nature whatsoever. Any document, which contains any comment, notation, addition, insertion, or marking of any kind that is not of another document, is to be considered a separate document.

2

5.    The words "concern," "concerns," or "concerning" include but are not necessarily limited to, containing, referring to, relating to, connected with, about, regarding, mentioning, discussing or describing.

6.    If you claim that the attorney-client privilege or any other privilege is applicable to any interrogatory or request, the substance of that event or information or document need not be disclosed in your answers, but you shall with respect to that document:
    a.  State the date of the event or document;
    b.  Identify each and every participation in the event or author of the document;
    c.  Identify each and every other person who participated in the event or prepared or participated in the preparation of the document;
    d.  Identify each and every person who received the document;
    e.  Identify each and every person from whom the document was received.
    f.  State the present location of the document and all copies thereof.
    g.  Identify each and every person having custody or control of the document and all copies thereof; and
    h.  Provide sufficient further information concerning the event, information or document and the circumstances thereof to explain the claim or privilege and to permit the adjudication of the propriety of that claim.

7.    If you exercise the option under O.C.G.A. §9-11-33(c) to produce business records in lieu of responding to any interrogatory, the following procedure is to be followed:
    a.  In response to each such interrogatory, you are required to identify each said document; and
    b.  In producing such document, you are required to produce said document separately and to designate the interrogatory or interrogatories to which said document responds, as well as the identification of the file(s) from which the documents were segregated.

8.    You are required to furnish all information that is available to you or subject to your reasonable inquiry including information in the possession of your agents, attorneys, accountants, advisors or other persons directly or indirectly employed by or connection with, you or your attorneys, and anyone else otherwise subject to your control.

9.    You must make a diligent search of your records and of other papers and materials in your possession or available to you or your representatives. If an interrogatory or request has subparts, answer each part separately in full, and do not limit the answer as a whole. If any interrogatory or requests cannot be answered in full, answer to the extent possible, specify the reason for your inability to answer, and state whether you have information and knowledge regarding the unanswered portion.

10. The term "knowledge" means first-hand information and/or information derived from any other source including hearsay knowledge.

11. The term "communication[s]" means all communications of any nature whatsoever, whether oral or in writing.

3

12. The term "gender" shall include the male as well as the female, and the singular pronoun shall include the plural.

Please be advised that each of the following interrogatories is continuing in nature. In the event that Defendant, at any later date, shall obtain any fact, make any assumption or contention, reaches any conclusion or opinions different from or supplementary to those set forth in the answers to these interrogatories, then in such event Defendant should amend said answers promptly and sufficiently prior to trial or test, fully setting forth such information.

**Special Definition**

In answering these Interrogatories, you are advised of the following definition:

a. "Premises", "Premises in question", "parking lot", and "crosswalk", shall refer to the crosswalk, which leads from the parking lot, which runs between Wal-Mart Supercenter No. 1311 and Sam's Club No. No. 8213, and which is located in Muscogee County, Georgia at 5448 Whittlesey Blvd., Suites A and B, Columbus GA 31909-7298 to the front entrance of Sam's Club No. 8213. A photograph of the premises is attached hereto, as Exhibit A, for reference.

b. "Water meter" shall refer to, what appears to be a water meter cover, as depicted in Exhibit A, attached hereto.

c. "Incident" or "incident in question" shall refer to the April 10, 2020, fall, which the Plaintiff experienced in the parking lot, which runs between Wal-Mart Supercenter No. 1311 and Sam's Club No. No. 8213, and which is located in Muscogee County, Georgia at 5448 Whittlesey Blvd., Suites A and B, Columbus GA 31909-7298, and which is more fully set forth in Plaintiff's Complaint for Damages.

d. "Defect", "Hazard", or "Condition" refer to the water meter cover, which Plaintiff contends caused her fall, and which is more fully set forth in Plaintiff's Complaint for Damages.

**Interrogatories**

1. State the name, address, and registered agent of the owner of the area of the Premises in question, as defined above.

2. State the full name, address, job title, and present employer of each person answering and assisting in answering these Interrogatories on behalf of the Defendant?

3. Has the Defendant been sued under his/its correct name? If not, please state the correct name and explain your answer so that service may be properly obtained.

4

4.  Does any primary and/or excess insurance agreement or bond exist under the terms of which the person or company issuing the same may be called upon to satisfy all or part of any judgment which may be entered in favor of the Plaintiff in this action?
    a.  If such an insurance agreement or bond does exist, what are the limits of liability contained in the terms of each such agreement?
    b.  If such an insurance agreement or bond does exist, what are the legal names of each and every party to each agreement itself and to any further or subordinate agreement, which in any way relates to the terms of any such agreement?
    c.  What is the amount of any deductible or self-insured retention as to each such agreement?

5.  State the name and address of the person or entity in control of that area of the premises where the incident in question occurred, at the time of the occurrence.

6.  State the name address and telephone number of the store manager of the Wal-Mart Supercenter Store No. 1311, on April 10, 2020.

7.  State the name address and telephone number of the assistant store manager of the Wal-Mart Supercenter Store No. 1311, on April 10, 2020.

8.  State each and every change, repair, instance of maintenance, and/or alteration of the recessed water meter, which plaintiff alleges to have been the cause of the incident in question, or the surrounding crosswalk, at any time before or after the incident at issue, including a description of what was done, the associated cost, and the name address and telephone number of the contractor, subcontractor, or other entity or individual, that effectuated said change or alteration.

9.  State the name, address, and telephone number of each and every contractor, subcontractor and/or other entity or individual that installed the water meter, and/or water meter cover, which is depicted in exhibit A, attached hereto.

10. State the name, address, and telephone number of each and every contractor, subcontractor and/or other entity or individual that has, at any time, performed any type of maintenance or repair on the parking lot, which is at issue herein. Your response shall include, but not be limited to, each and every instance of painting, resurfacing, repaving, or other change in the surface of the area of the parking lot, which is at issue, including the crosswalk.

11. State the name and address of each person, including experts, having any knowledge of relevant facts related to the incident which is the basis of this suit, the cause thereof, or the damages resulting therefrom.

12. State the name, address and telephone number of any persons who witnessed the occurrence in question.

13. State the name and address of any potential party to this lawsuit, not already named as party hereto.

14. Only if you allege any defense to this action based on jurisdiction, venue, issuance of process, process itself, or service of process, as to each such defense, please state:
    a. Each and every fact upon which you rely in asserting such defense;
    b. Provide a complete description of all documents which you contend support the assertions of the said defense;
    c. The name and address of all persons having custody and control of the documents described in (b) above; and
    d. Please provide the full and complete legal addresses of this Defendant's registered office and agent.

15. If you contend that any person, firm, or entity caused or contributed to the injuries to the Plaintiff, identify by name, address, job title, and employer all such persons, firms or entities and state the reasons for your contentions.

16. Please state whether or not you have a copy of any statement, which the plaintiff has previously made concerning this action or its subject matter and which is in your possession, custody or control.

17. Identify each oral or written statement or transcript that has been taken from any person or persons purporting to have knowledge with regards to the incident or any other contention involved in this action, by stating the name of the person giving each statement, the date thereof, the type of statement (i.e. oral, written, recorded, etc.) and the name and address of the custodian of any copy thereof.

18. Describe any insurance agreement under which insurance business may be liable to satisfy part or all of the judgment which may be entered in this action, or to indemnify or reimburse for payments made to satisfy the judgment, by stating the name of the person or entity insured the name of the insurer and the amount of any liability insurance coverage.

19. Describe defendant's contentions as to how the incident which forms the basis of this suit occurred and state specifically and in detail what the claim or contention of the defendant will be regarding any cause or contributing cause of the incident, including a statement in detail of the facts or information upon which this contention is based.

20. Describe in detail any conversations that any employee or agent for defendant has had with the plaintiff or plaintiff's representative following the incident in question.

21. State the full name, current address, telephone number, qualifications, and present employment of each person who you expert to call as an expert witness at the trial of this case, the subject matter on which each expert is expected to testify, the substance of the facts and opinions to which each expert is expected to testify and the summary of the grounds for each opinion expected to be expressed by such expert.

6

22.   State whether any expert whom you expect to call as a witness has prepared a report formal or informal and if so state the date(s) of such report(s) and to whom addressed.

23.   Please state the name and address of each expert consulted whose report or work product will be relied upon in whole or in part by any expert witness whom you expect to call at the trial of this case.

24.   Please describe any claims or lawsuits that have heretofore been brought against this defendant by reason of the incident or injury at the same or similar location or a similar type of incident on the defendant's premises at some other location.

25.   Please describe in detail any changes that have been made by this Defendant to the physical site of the incident or to the warning or signs relating thereto since the occurrence in question.

26.   Did the defendant conduct an investigation of the incident that forms the basis of this suit?  If your answer is in the affirmative, please state the name of the person or persons who conducted the investigation, as well as a description of any and all results of said investigation.

27.   What is the defendant's contention as to the cause of the incident that forms the basis of this lawsuit?

28.   What is the defendant's contention as to the plaintiff's legal status on the premises at the time of the occurrence in question, that is, whether plaintiff was a business invitee, licensee or trespasser?

29.   If you contend that the plaintiff was not a business invitee at the time of the occurrence in question, please state and describe each fact document or thing upon which you base such a contention.

30.   When was the date and time of the last inspection by defendant, its agents or employees, of the physical site where this incident occurred?

31.   Please state whether defendant was aware that the water meter, which is at issue herein, was recessed from the roadway, and not level to the roadway.

32.   Describe what efforts the defendant made to warn the public of the recessed water meter, which plaintiff alleges to be the cause of the occurrence in question, at any time prior to the time of the incident in question.

33.   What is the Defendant's contention as to the Plaintiff's knowledge (before the incident), objective or subjective, of the recessed water meter that plaintiff alleges to be the cause of the occurrence in question?

7

34.     What efforts were made by the defendant to make the crosswalk level, in the area of the recessed water meter, which plaintiff contends caused the occurrence in question, *before* the incident in question.

35.     What efforts were made by the defendant to make the crosswalk level, in the area of the recessed water meter, which plaintiff contends caused the occurrence in question, *after* the incident in question.

36.     Does the Defendant contend that the plaintiff consumed alcoholic beverages or drugs at the time of or immediately preceding the time of the accident?

37.     Did the defendant have any procedures for regular inspection of the premises at the time of the occurrence in question: if so, please describe.

38.     Please identify all photographs, motion pictures, video, TV recording, maps, drawings charts diagrams measurements, surveys, incident reports, or other documents concerning the events and happenings made the basis of this lawsuit, the area of the occurrence made the basis of this lawsuit, persons or objects involved, either made before, at the time of or after the time of the events in question, including any photographs made of you at any time since the incident made the basis of this lawsuit, that you, your attorney, your insurance carrier or anyone acting on your or their behalf, have or know of.

39.     Please state the name and address of each and every person who was employed by this Defendant and who was working in the area of the incident, at said store within a hour before and two hours after the incident in question.

This 22nd day of December 2021.

/s/ Michael R. Braun
Michael R. Braun
Georgia Bar No. 078534
Attorney for Plaintiff

Law Office of Michael R. Braun
445 Franklin Gateway SE
Marietta, Ga 30067
(770) 421-6888
Michael@GeorgiaInjury.com

8

# Exhibit A



GEORGIA, MUSCOGEE COUNTY
SUPERIOR/STATE COURT
eFILED
12/22/2021 11:56 AM
DANIELLE F. FORTE, CLERK

## IN THE STATE COURT OF MUSCOGEE COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **VICKIE BENTON,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CIVIL ACTION FILE** |
| **vs.** | : | |
| | : | **No.** |
| | : | |
| **SAM'S EAST, INC., WAL-MART** | : | |
| **STORES EAST, LP.,WAL-MART** | : | |
| **STORES, INC., SAM'S REAL ESTATE** | : | |
| **BUSINESS TRUST, WAL-MART REAL** | : | |
| **ESTATE BUSINESS TRUST, JOHN** | : | |
| **DOE,  ABC CORPORATION 1, and** | : | |
| **ABC CORPORATION 2,** | : | |
| | : | |
| **Defendants.** | : | |

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS OF FACT TO DEFENDANT, WAL-MART STORES EAST, LP

TO:   Wal-Mart Stores East, LP
By and trough their Registered Agent, to wit:
Corporation Process Company
106 Colony Park Drive, Suite 800-B
Cumming, Ga 30040-2794

COMES NOW Plaintiff and, pursuant to O.C.G.A. §9-11-36, files and serves the within and following Plaintiff's First Requests for Admissions of Fact, and hereby requests that this Defendant make the following admissions, for the purposes of the pending action only, of the truth of the matters herein below set forth:

**Prefatory Note**

You are hereby notified, pursuant to O.C.G.A. § 9-11-37(c), that if you fail to admit the truth of any matter or the genuineness of any document as requested under O.C.G.A §9-11-36, and if this Plaintiff thereafter proves the truth of any such matter or the genuineness of any such

document, this Plaintiff will apply to the Court for an order requiring you to pay this Plaintiff the reasonable expenses incurred in making that proof, including reasonable attorney's fees.

**Special Definition**

In answering these Interrogatories you are advised of the following definition:

a. "Premises", "Premises in question", "parking lot", and "crosswalk", shall refer to the crosswalk, which leads from the parking lot, which runs between Wal-Mart Supercenter No. 1311 and Sam's Club No. No. 8213, and which is located in Muscogee County, Georgia at 5448 Whittlesey Blvd., Suites A and B, Columbus GA 31909-7298 to the front entrance of Sam's Club 8213. A photograph of the premises is attached hereto, as Exhibit A, for reference.

b. "Water meter" shall refer to, what appears to be a water meter cover, as depicted in Exhibit A, attached hereto.

c. "Incident" or "incident in question" shall refer to the April 10, 2020, fall, which the Plaintiff experienced in the parking lot, which runs between Wal-Mart Supercenter No. 1311 and Sam's Club No. No. 8213, and which is located in Muscogee County, Georgia at 5448 Whittlesey Blvd., Suites A and B, Columbus GA 31909-7298, and which is more fully set forth in Plaintiff's Complaint for Damages.

d. "Defect", "Hazard", or "Condition" refer to the water meter cover, which Plaintiff contends caused her fall, and which is more fully set forth in Plaintiff's Complaint for Damages.

**Please admit or deny the truthfulness of the following:**

1. Do you admit or deny that venue for this lawsuit is proper in Muscogee County?

2. Do you admit or deny that jurisdiction for this lawsuit is proper in Muscogee County?

3. Do you admit or deny that this Defendant has been properly served with a copy of a Complaint in this lawsuit?

4. Do you admit or deny that Wal-Mart, Inc. was a corporation on the date of the incident in question?

5. Do you admit or deny that, on the date of the incident in question, this Defendant owned and operated the parking lot, which runs between Wal-Mart Supercenter No. 1311 and Sam's Club No. No. 8213, and which is located in Muscogee County, Georgia at 5448 Whittlesey Blvd., Suites A and B, Columbus GA 31909-7298?

6. Do you admit or deny that on April 10, 2020, the Plaintiff was an invitee on the premises in question and at the time of the incident in question?

7. Do you admit or deny that, on the date of the incident in question, Defendant John Doe, as the Manager of Wal-Mart Supercenter No. 1311, was an agent of this Defendant?

8. Do you admit or deny that, on the date of the incident in question, Defendant John Doe, as the Manager and agent of Wal-Mart Supercenter Store No. 1311, had supervisory control over Wal-Mart Supercenter Store No. 1311, including the parking lot, which runs between Wal-Mart Supercenter No. 1311 and Sam's Club No. No. 8213, and which is located in Muscogee County, Georgia at 5448 Whittlesey Blvd., Suites A and B, Columbus GA 31909-7298?

9. Do you admit or deny that, on the date of the incident in question, Defendant John Doe, as the Manager and agent of Wal-Mart Supercenter Store No. 1311, had a duty to keep and maintain all areas of the parking lot, which runs between Wal-Mart Supercenter No. 1311 and Sam's Club No. No. 8213, and which is located in Muscogee County, Georgia at 5448 Whittlesey Blvd., Suites A and B, Columbus GA 31909-7298, safe for invitees?

10. Do you admit or deny that, on the date of the incident in question, Defendant John Doe, as the Manager and agent of Wal-Mart Supercenter Store No. 1311, had a duty to inspect, maintain, and repair the parking lot, which runs between Wal-Mart Supercenter No. 1311 and Sam's Club No. No. 8213, and which is located in Muscogee County, Georgia at 5448 Whittlesey Blvd., Suites A and B, Columbus GA 31909-7298 on behalf of the owners?

11. Do you admit or deny that, on the date of the incident in question, Defendant John Doe, as the Manager and agent of Wal-Mart Supercenter Store No. 1311, had a duty to oversee the inspection, maintenance, and repair of the parking lot, which runs between Wal-Mart Supercenter No. 1311 and Sam's Club No. No. 8213, and which is located in Muscogee County, Georgia at 5448 Whittlesey Blvd., Suites A and B, Columbus GA 31909-7298, on behalf of the owners?

12. Do you admit or deny that the water meter, as depicted in Exhibit A, attached hereto, is recessed, and not level with the rest of the parking lot?

13. Do you admit or deny that the recessed water meter, as depicted in Exhibit A, attached hereto, is a hazardous condition?

14. Do you admit or deny that on April 10, 2020, this Defendant was responsible for ensuring the safety of its customers as they traversed the area where the incident in question occurred?

15. Do you admit or deny that on April 10, 2020, the Plaintiff fell, due the presence of a recessed water meter, in the parking lot, which runs between Wal-Mart Supercenter No. 1311 and Sam's Club No. No. 8213, and which is located in Muscogee County, Georgia

at 5448 Whittlesey Blvd., Suites A and B, Columbus GA 31909-7298?

16. Do you admit or deny that this Defendant, or an agent or employee thereof, had an obligation to exercise ordinary care in an effort to keep the area where the incident in question occurred, in a safe condition?

17. Do you admit or deny that this Defendant breached its duty, as described in Request for Admission of Fact number 16?

This 22nd day of December 2021.

/s/ Michael R. Braun
Michael R. Braun
Georgia Bar No. 078534
Attorney for Plaintiff

Law Office of Michael R. Braun
445 Franklin Gateway SE
Marietta, Ga 30067
(770) 421-6888
Michael@GeorgiaInjury.com



Exhibit A

GEORGIA, MUSCOGEE COUNTY
SUPERIOR/STATE COURT
eFILED
12/22/2021 11:56 AM
DANIELLE F. FORTE, CLERK

## IN THE STATE COURT OF MUSCOGEE COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| VICKIE BENTON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION FILE |
| vs. | : | |
| | : | No. |
| | : | |
| SAM'S EAST, INC., WAL-MART | : | |
| STORES EAST, LP., WAL-MART | : | |
| STORES, INC., SAM'S REAL ESTATE | : | |
| BUSINESS TRUST, WAL-MART REAL | : | |
| ESTATE BUSINESS TRUST, JOHN | : | |
| DOE,  ABC CORPORATION 1, and | : | |
| ABC CORPORATION 2, | : | |
| | : | |
| Defendants. | : | |

## PLAINTIFF'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS TO DEFENDANT, WAL-MART STORES EAST, LP

To:   Wal-Mart Stores East, LP
By and trough their Registered Agent, to wit:
Corporation Process Company
106 Colony Park Drive, Suite 800-B
Cumming, Ga 30040-2794

Pursuant to O.C.G.A. §9-11-34, you are requested to produce the following documents as required by law. The documents requested shall be produced within forty-five (45) days after service of this request at Law Office of Michael R. Braun, LLP, located at 445 Franklin Gateway SE, Marietta, Georgia 30062-7705 or you may comply with this request by mailing copies of the requested documents to said address.

### Definitions and Instructions

1.  These discovery requests are intended to cover all information and documents in your possession or control, or subject to your control, wherever located.

2.  The term "person[s]" means any natural person, firm, partnership, joint venture,

corporation, or any judicial person, or any other legal entity.

3.  The words "document" and "documents" mean all written, recorded, or graphic matters, however produced or reproduced, whether or not privileged, pertaining in any way to the subject matter of this action. This definition includes, but is not limited to, any and all originals, copies, or drafts of any and all of the following: records, notes, summaries, schedules, contracts or agreements, drawings, sketches, invoices, orders or acknowledgments, diaries, reports, memoranda of telephone or in person conversations by or with any person, or any other memoranda, letters, telegrams, telexes or cables prepared, drafted, received or sent, tapes, transcripts or recordings, photographs, pictures or films, computer programs or data or other graphic, symbolic recorded or written materials of any nature whatsoever. Any document which contains any comment, notation, addition, insertion, or marking of any kind that is not of another document is to be considered a separate document.

4.  The words "concern," "concerns," or "concerning" include but are not necessarily limited to, containing, referring to, relating to, connected with, about, regarding, mentioning, discussing or describing.

5.  You must make a diligent search of your records and of other papers and materials in your possession or available to you or your representatives. If any requested document cannot be produced in full, produce it to the extent possible, specifying the document or portion of documents being withheld and the reason the document is being withheld.

6.  You are requested to indicate which documents are produced in response to each numbered request, and to furnish an affidavit stating whether the production is complete in accordance with this request.

7.  If you claim that the attorney-client privilege or any other privilege is applicable to any request, the substance of that event or information or document need not be disclosed in your answers, but you shall with respect to that document:
    a.  State the date of the event or document;
    b.  Identify each and every participation in the event or author of the document;
    c.  Identify each and every other person who participated in the event or prepared or participated in the preparation of the document;
    d.  Identify each and every person who received the document;
    e.  Identify each and every person from whom the document was received.
    f.  State the present location of the document and all copies thereof.
    g.  Identify each and every person having custody or control of the document and all copies thereof; and
    h.  Provide sufficient further information concerning the event, information or document and the circumstances thereof to explain the claim or privilege and to permit the adjudication of the propriety of that claim.

8.  You are required to furnish all information that is available to you or subject to your reasonable inquiry including information in the possession of your agents, attorneys,

accountants, advisors or other persons directly or indirectly employed by or connection with, you or your attorneys, and anyone else otherwise subject to your control.

9.      The term "knowledge" means first-hand information and/or information derived from any other source including hearsay knowledge.

10.     The term "communication[s]" means all communications of any nature whatsoever, whether oral or in writing.

11.     The term "gender" shall include the male as well as the female, and the singular pronoun shall include the plural.

12.     Each of the following requests is continuing in nature. In the event that Defendant, at any later date, shall obtain any fact, make any assumption or contention, reaches any conclusion or opinions different from or supplementary to those set forth in the answers to these requests then in such event Defendant should amend said answers promptly and sufficiently prior to trial or test, fully setting forth such information.

**Special Definition**

In answering these Interrogatories you are advised of the following definition:

a.      "Premises", "Premises in question", "parking lot", and "crosswalk", shall refer to the crosswalk, which leads from the parking lot, which runs between Wal-Mart Supercenter No. 1311 and Sam's Club No. No. 8213, and which is located in Muscogee County, Georgia at 5448 Whittlesey Blvd., Suites A and B, Columbus GA 31909-7298 to the front entrance of Sam's Club No. 8213. A photograph of the premises is attached hereto, as Exhibit A, for reference.

b.      "Water meter" shall refer to, what appears to be a water meter cover, as depicted in Exhibit A, attached hereto.

c.      "Incident" or "incident in question" shall refer to the April 10, 2020, fall, which the Plaintiff experienced in the parking lot, which runs between Wal-Mart Supercenter No. 1311 and Sam's Club No. No. 8213, and which is located in Muscogee County, Georgia at 5448 Whittlesey Blvd., Suites A and B, Columbus GA 31909-7298, and which is more fully set forth in Plaintiff's Complaint for Damages.

d.      "Defect", "Hazard", or "Condition" refer to the water meter cover, which Plaintiff contends caused her fall, and which is more fully set forth in Plaintiff's Complaint for Damages.

**Specific Requests:**

1.      Any and all documents evidencing your ownership of the premises in question.

2.   Any and all contracts between the defendant and any maintenance and/or repair service in effect at the time of plaintiff's injury.

3.   Any and all leases, contracts, or other agreements through which this defendant came to occupy the premises in question.

4.   Any contract between this defendant and any person or entity, including any and all co-defendants, responsible for maintaining the area of the fall, at the time of plaintiff's injuries.

5.   Any and all documentation regarding the ownership, operation, repair, and maintenance, of the area in question, and which is described in Plaintiff's Complaint.

6.   Any indemnity agreement between any of the parties to this case.

7.   Any indemnity agreement between any party to this case and nonparty, which is relevant to the incident and injuries made the basis of this suit.

8.   A copy of any legal documents that document defendant's status as a legal entity, corporation, partnership, sole proprietorship, or joint venture.

9.   Any joint venture agreement between the parties or between any party to this suit and any non-party regarding the ownership, operation, repair, maintenance, advertising, security or other service of or for the premises in question.

10.   Any rules, management guidelines, operating guidelines, or other similar writing or document that purports to show operating procedures for the management, care, maintenance, repair, cleaning and service of the parking lot at the Wal-Mart Supercenter store No. 1311.

11.   Any and all photographs, or video tape, that defendant has of the incident itself, the scene of the incident or the resulting injuries to the plaintiff.

12.   Any and all expert reports which have been obtained from any expert and if a report has not been prepared, the preparation of a report is hereby requested.

13.   Any and all insurance agreements or policies under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment which may be rendered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

14.   Copies of any and all statements previously made by plaintiff concerning the subject matter of this lawsuit, including any written statement signed or otherwise adopted or approved by the plaintiff hereto and any stenographic, mechanical, electrical, or other type of recording or any transcription thereof made by plaintiff hereto and contemporaneously recorded.

15. Copies of any and all statements previously made by any person concerning the subject matter of this lawsuit, including any written statement signed or otherwise adopted or approved by the plaintiff hereto and any stenographic, mechanical, electrical, or other type of recording or any transcription thereof made by plaintiff hereto and contemporaneously recorded.

16. Any and all drawings, maps, or sketches of the scene of the incident that has been made the basis of this lawsuit.

17. Any and all settlement agreements, wherein you have arrived at a settlement or agreement between you and any other person, whether or not a party to this lawsuit, regarding or pertaining to the incident made the basis of this lawsuit or any damages resulting therefrom.

18. A copy of any surveillance movies or photographs which have been made of the scene of the incident for a period of four hours prior to the incident until four hours after the incident.

19. A copy of any surveillance movies or photographs, which have been made of the plaintiff.

20. Any and all incident reports, report of visitor injury or other type of documentation, which purports to evidence the facts surrounding this incident and the investigation into said incident.

21. Any and all incident reports, report of visitor injury or other type of documentation, which purports to evidence any and all individuals claiming to have tripped over the same water meter hole that the Plaintiff claims to have caused her fall.

22. Any and all expert reports that were or will be reviewed by any expert in this case.

23. Any and all expert reports or things that were or will be relied upon in whole or in part by any testifying expert in this case.

24. Any and all work papers, notes, documents in the file of any expert witness who is expected to testify, or in the file of any expert witness who has written a report which is or will be relied upon in whole or in part by a testifying expert.

25. All documents or tangible things prepared by any expert whom you expect to call as a witness, including but not limited to those, which would include his report, factual observations, opinions, conclusions, photographs, field notes, calculations, models, and exhibits.

26. Any treatises or authoritative literature on which any expert intends to rely in his testimony in this case.

27. Copies of reports of all similar incidents prepared by any and all employees of the premises in question from one year prior to the incident up to and through the present.

28. A current copy of the curriculum vitae together with any other documents in your possession pertaining to the credentials and qualifications of any and all experts to be called by Defendant to testify at trial.

29. All materials including, but not limited to, policies, procedures, employee manuals, memoranda, and correspondence pertaining to safety rules and/or regulations to be followed by the employees of this defendant, after an incident wherein an injury occurs.

30. All materials including, but not limited to, policies, procedures, employee manuals, memoranda, and correspondence pertaining to rules and/or regulations to be followed by the employees of this defendant when in the process of performing any type of maintenance or repair on the parking lot.

31. All materials including, but not limited to, employee manuals, memoranda, and correspondence pertaining to safety rules and/or regulations to be followed by the employees of this defendant when in the process of performing any type of maintenance or repair on the parking lot.

32. Any and all documents, which in any way whatsoever, pertains to maintaining, repairing, resurfacing, repaving and/or repainting the area of the parking lot, where Plaintiff claims to have fallen.

33. Please provide copies of any and all documentation, which would evidence any and all maintenance, repair, change, alteration, or other work done to the area where the incident occurred, including but not limited to any and all resurfacing, repaving, and/or repaiting the lines or the wording that is on the surface of said parking lot, at any time, since the parking lot was originally constructed.

34. Any and all books, documents, photographs, or other tangible things which may be used at the time of trial, which may have a bearing on this cause of action.

35. Any and all documents and tangible things whose production has not been requested pursuant to any other item of this request which you intend to offer into evidence at the trial of this case.

36. Any and all documents and tangible things whose production has not been requested pursuant to any other item of this request which you do not intend to offer into evidence at the trial of this case, but which may be used as demonstrative evidence at trial.

37. Copies of any and all documents, which would evidence any and all inspections of the area where the incident occurred, at any time, since the parking lot was originally constructed.

38. Copies of any and all records (including but not limited to Plaintiff's medical records), memorandum, billing statements (including but not limited to billing statements of Plaintiff's medical providers), notes, or other documentation of any kind, which is received as a result of any and all non-party requests for the production of documents sent out by,

or on behalf of, Defendant.

This 22nd day of December 2021.

/s/ Michael R. Braun
Michael R. Braun
Georgia Bar No. 078534
Attorney for Plaintiff

Law Office of Michael R. Braun
445 Franklin Gateway SE
Marietta, Ga 30067
(770) 421-6888
Michael@GeorgiaInjury.com

Exhibit A



GEORGIA, MUSCOGEE COUNTY
SUPERIOR/STATE COURT
eFILED
12/22/2021 11:56 AM
DANIELLE F. FORTE, CLERK

## IN THE SUPERIOR/STATE COURT OF MUSCOGEE COUNTY

## STATE OF GEORGIA

Vickie Benton

CASE ACTION NUMBER  SC2021CV001593

_____

PLAINTIFF

VS.

Wal-Mart Stores Inc

106 Colony Park Drive, Suite 800-B

Cumming, Ga 30040-2794

DEFENDANT

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Michael R. Braun

445 Franklin Gateway SE

Marietta, Ga 30067

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____22ND_____ day of _____DECEMBER_____, ___2021___.

Clerk of Superior Court/State Court

/s/ Ashleigh McCarthy

By: _____

Deputy Clerk

GEORGIA, MUSCOGEE COUNTY
SUPERIOR/STATE COURT
eFILED
12/22/2021 11:05 AM
DANIELLE F. FORTE, CLERK

## IN THE STATE COURT OF MUSCOGEE COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **VICKIE BENTON,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CIVIL ACTION FILE** |
| **vs.** | : | |
| | : | No. SC2021CV001593 |
| | : | |
| **SAM'S EAST, INC., WAL-MART** | : | |
| **STORES EAST, LP.,WAL-MART** | : | |
| **STORES, INC., SAM'S REAL ESTATE** | : | |
| **BUSINESS TRUST, WAL-MART REAL** | : | |
| **ESTATE BUSINESS TRUST, JOHN** | : | |
| **DOE,  ABC CORPORATION 1, and** | : | |
| **ABC CORPORATION 2,** | : | |
| | : | |
| **Defendants.** | : | |

### COMPLAINT FOR DAMAGES

COMES NOW Vickie Benton, Plaintiff in the above-styled action, and hereby makes the following Complaint for Damages and shows the Court as follows:

1.

Defendant, Sam's East, Inc. is a Foreign Corporation, conducting business in the State of Georgia, and may be served with process through their registered agent for service, to wit: Corporation Process Company, 106 Colony Park Drive, Suite 800-B, Cumming, GA 30040-2794. Defendant Sam's East, Inc., is subject to the jurisdiction and venue of this Court.

2.

Defendant, Wal-Mart Stores East, LP, is a Foreign Corporation, conducting business in the State of Georgia, and may be served with process through their registered agent for service, to wit: Corporation Process Company, 106 Colony Park Drive, Suite 800-B, Cumming, GA 30040-2794. Defendant Wal-Mart Stores East, LP, is subject to the jurisdiction and venue of this Court.

3.

Defendant Wal-Mart Stores, Inc. is a Foreign Corporation, conducting business in the State of Georgia, and may be served with process through their registered agent for service, to wit: Corporation Process Company, 106 Colony Park Drive, Suite 800-B, Cumming, GA 30040-2794. Defendant Wal-Mart Stores East, LP, is subject to the jurisdiction and venue of this Court.

4.

Defendant Sam's Real Estate Business Trust is a Foreign Trust that owns a tract of land that is located in Muscogee County, Georgia, at 5448 Whittlesey Blvd., Ste A, Columbus GA 31909-7298. Defendant Sam's Real Estate Business Trust is subject to the jurisdiction and venue of this Court, and may be served with process through their registered agent for service, to wit: The Corporation Trust Company, 1209 N Orange St., Wilmington DE 19801-1120.

5.

Defendant Wal-Mart Real Estate Business Trust is a Foreign Trust that owns a tract of land that is located in Muscogee County, Georgia, at 5448 Whittlesey Blvd., Ste B, Columbus GA 31909-7298. Defendant Wal-Mart Real Estate Business Trust is subject to the jurisdiction and venue of this Court, and may be served with process through their registered agent for service, to wit: The Corporation Trust Company, 1209 N Orange St., Wilmington DE 19801-1120.

6.

Defendant John Doe is a citizen and resident of the State of Georgia, who, at all times relevant to this action, was working as a Manager and agent of one or more of the named Defendants. Venue and jurisdiction are proper as to this Defendant.

7.

Defendant, ABC Corporation 1, is a currently unknown Georgia Corporation who, at all times relevant hereto, was responsible for the maintenance and repair of the parking lot that is at issue, as further described herein below. Defendant ABC Corporation 1 is subject to the jurisdiction and venue of this Court.

8.

Defendant, ABC Corporation 2, is a currently unknown Georgia Corporation who, at all times relevant hereto, was responsible for the acts of repaving, resurfacing and/or repainting of the area of the parking lot that is at issue, as further described herein below. Defendant ABC Corporation 2 is subject to the jurisdiction and venue of this Court.

## Agency

9.

Whenever in this Complaint it is alleged that any named Defendant did any act or thing, it is meant that said Defendants' officers, agents, servants, employees or representatives did such act or thing and that at the time such act or thing was done, it was done with the full authorization or ratification of said Defendants or was done in the normal and routine course and scope of employment of said Defendants' officers, agents, servants, employees or representatives.

## Facts

10.

On April 10, 2020, Defendant Sam's East, Inc., individually, or in conjunction with one of the other named Defendants, owned the parking lot, which runs between Wal-Mart

Supercenter No. 1311 and Sam's Club No. No. 8213, and which is located in Muscogee County, Georgia at 5448 Whittlesey Blvd., Suites A and B, Columbus GA 31909-7298.

11.

On April 10, 2020, Defendant Wal-Mart Stores East, LP, individually, or in conjunction with one of the other named Defendants, owned the parking lot, which runs between Wal-Mart Supercenter No. 1311 and Sam's Club No. No. 8213, and which is located in Muscogee County, Georgia at 5448 Whittlesey Blvd., Suites A and B, Columbus GA 31909-7298.

12.

On April 10, 2020, Defendant Wal-Mart Stores Inc., individually, or in conjunction with one of the other named Defendants, owned the parking lot, which runs between Wal-Mart Supercenter No. 1311 and Sam's Club No. No. 8213, and which is located in Muscogee County, Georgia at 5448 Whittlesey Blvd., Suites A and B, Columbus GA 31909-7298.

13.

On April 10, 2020, Defendant Sam's Real Estate Business Trust individually, or in conjunction with one of the other named Defendants, owned the parking lot, which runs between Wal-Mart Supercenter No. 1311 and Sam's Club No. No. 8213, and which is located in Muscogee County, Georgia at 5448 Whittlesey Blvd., Suites A and B, Columbus GA 31909-7298.

14.

On April 10, 2020, Defendant Wal-Mart Real Estate Business Trust individually, or in conjunction with one of the other named Defendants, owned the parking lot, which runs between Wal-Mart Supercenter No. 1311 and Sam's Club No. No. 8213, and which is located in Muscogee County, Georgia at 5448 Whittlesey Blvd., Suites A and B, Columbus GA 31909-7298.

15.

On April 10, 2020, Defendant John Doe was employed as a Manager, at Wal-Mart Supercenter No. 1311 and/or Sam's Club No. 8213, which is located in Columbus, Muscogee County, Georgia.

16.

On April 10, 2020, Defendant John Doe, as a Manager of at Wal-Mart Supercenter No. 1311 and/or Sam's Club No. 8213, was an agent of one or more of the Defendants and, in that capacity, had supervisory control over the parking lot, which runs between Wal-Mart Supercenter No. 1311 and Sam's Club No. No. 8213, and which is located in Muscogee County, Georgia at 5448 Whittlesey Blvd., Suites A and B, Columbus GA 31909-7298.

17.

On April 10, 2020, Plaintiff, Vickie Benton, was an invitee of one of the named Defendants when, as she was walking in the crosswalk of the parking lot that runs between Wal-Mart Supercenter No. 1311 and Sam's Club No. No. 8213 (the "parking lot"), and towards the main entrance of Sam's Club Store No. 8213, she fell when she inadvertently stepped into hole, created by what is believed to be a water meter (the "hole"), and which was recessed and lower that then street.

**Negligence**

18.

Plaintiff re-alleges and incorporates Paragraphs 1 through 17 above as if fully set forth, verbatim, herein.

19.

The hole, which caused the Plaintiff's fall, was located in a crosswalk of the parking lot,

and constituted a hazardous and unsafe condition on the premises, as it was recessed and was painted in such a way that it blended in with the striping of the crosswalk, making it undiscernible to the human eye.

20.

The Defendants, jointly and severally, by and through their agents and employees, and as the owners of the parking lot and/or those responsible for the parking lot's maintenance and repair, owed a duty to Plaintiff to keep all areas of the parking lot in a safe condition, and breached that duty, by installing what is believed to be a water meter in a recessed position and then painting it in such a way as to be undiscernible, thereby creating the hazard that caused the Plaintiff to fall.

21.

The Defendants, jointly and severally, by and through their agents and employees, and as the owners of the parking lot and/or those responsible for the parking lot's maintenance and repair, owed a duty to Plaintiff to keep all areas of the parking lot in a safe condition, and breached that duty, by failing to discover, observe, and correct the hazard, created by the recessed and undiscernible hole, which caused the Plaintiff to fall

22.

Defendant John Doe, as a manager and agent of one or more of the Defendants, owed a duty to Plaintiff to keep and maintain all areas of the parking lot safe for invitees, including the obligation to inspect, maintain, and repair the premises on behalf of the owners, and breached that duty.

## Damages

23.

Plaintiff re-alleges and incorporates Paragraphs 1 through 22 above as if fully set forth, verbatim, herein.

24.

As a direct result of the incident proximately caused by the negligence of the Defendants, Plaintiff has sustained serious injuries.

25.

As a direct result of the incident proximately caused by the negligence of the Defendants, and as a direct result of the injuries suffered in said incident, Plaintiff has incurred extensive medical expenses.

26.

As a direct result of the incident proximately caused by the negligence of the Defendants, Plaintiff has experienced physical pain and suffering.

27.

Each negligent act of the Defendants, or a combination thereof, was the direct and proximate cause of the incident and the physical injuries and damages suffered by Plaintiff.

**WHEREFORE**, the Plaintiff respectfully prays:

a.  That summons be issued and that Defendants be served as provided by law;
b.  That judgment be rendered for the Plaintiff against Defendants, in such amount a fair and impartial jury may determine;
c.  That judgment be rendered for Plaintiff against Defendants, in such amount a fair and impartial jury may determine;
d.  That all costs of this action be cast upon the Defendants;
e.  That Plaintiff have such other and further relief as this Court may deem just and proper; and
f.  That all issues herein be submitted to a jury.

This 22nd day of December.

/s/ Michael R. Braun
Michael R. Braun
Georgia Bar No. 078534
Attorney for Plaintiff

Law Office of Michael R. Braun
445 Franklin Gateway SE
Marietta, Ga 30067
(770) 421-6888
Michael@GeorgiaInjury.com

Exhibit A



GEORGIA, MUSCOGEE COUNTY
SUPERIOR/STATE COURT
eFILED
12/22/2021 11:56 AM
DANIELLE F. FORTE, CLERK

## IN THE STATE COURT OF MUSCOGEE COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| VICKIE BENTON, | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CIVIL ACTION FILE** |
| **vs.** | : | |
| | : | **No.** |
| | : | |
| SAM'S EAST, INC., WAL-MART | : | |
| STORES EAST, LP., WAL-MART | : | |
| STORES, INC., SAM'S REAL ESTATE | : | |
| BUSINESS TRUST, WAL-MART REAL | : | |
| ESTATE BUSINESS TRUST, JOHN | : | |
| DOE,  ABC CORPORATION 1, and | : | |
| ABC CORPORATION 2, | : | |
| | : | |
| **Defendants.** | : | |

## PLAINTIFF'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS TO DEFENDANT, WAL-MART INCORPORATED

To:     Wal-Mart Incorporated
        By and trough their Registered Agent, to wit:
        Corporation Process Company
        106 Colony Park Drive, Suite 800-B
        Cumming, Ga 30040-2794

Pursuant to O.C.G.A. §9-11-34, you are requested to produce the following documents as required by law.  The documents requested shall be produced within forty-five (45) days after service of this request at Law Office of Michael R. Braun, LLP, located at 445 Franklin Gateway SE, Marietta, Georgia 30062-7705 or you may comply with this request by mailing copies of the requested documents to said address.

**Definitions and Instructions**

1.     These discovery requests are intended to cover all information and documents in your possession or control, or subject to your control, wherever located.

2.     The term "person[s]" means any natural person, firm, partnership, joint venture,

corporation, or any judicial person, or any other legal entity.

3.   The words "document" and "documents" mean all written, recorded, or graphic matters, however produced or reproduced, whether or not privileged, pertaining in any way to the subject matter of this action. This definition includes, but is not limited to, any and all originals, copies, or drafts of any and all of the following: records, notes, summaries, schedules, contracts or agreements, drawings, sketches, invoices, orders or acknowledgments, diaries, reports, memoranda of telephone or in person conversations by or with any person, or any other memoranda, letters, telegrams, telexes or cables prepared, drafted, received or sent, tapes, transcripts or recordings, photographs, pictures or films, computer programs or data or other graphic, symbolic recorded or written materials of any nature whatsoever. Any document which contains any comment, notation, addition, insertion, or marking of any kind that is not of another document is to be considered a separate document.

4.   The words "concern," "concerns," or "concerning" include but are not necessarily limited to, containing, referring to, relating to, connected with, about, regarding, mentioning, discussing or describing.

5.   You must make a diligent search of your records and of other papers and materials in your possession or available to you or your representatives. If any requested document cannot be produced in full, produce it to the extent possible, specifying the document or portion of documents being withheld and the reason the document is being withheld.

6.   You are requested to indicate which documents are produced in response to each numbered request, and to furnish an affidavit stating whether the production is complete in accordance with this request.

7.   If you claim that the attorney-client privilege or any other privilege is applicable to any request, the substance of that event or information or document need not be disclosed in your answers, but you shall with respect to that document:
     a.   State the date of the event or document;
     b.   Identify each and every participation in the event or author of the document;
     c.   Identify each and every other person who participated in the event or prepared or participated in the preparation of the document;
     d.   Identify each and every person who received the document;
     e.   Identify each and every person from whom the document was received.
     f.   State the present location of the document and all copies thereof.
     g.   Identify each and every person having custody or control of the document and all copies thereof; and
     h.   Provide sufficient further information concerning the event, information or document and the circumstances thereof to explain the claim or privilege and to permit the adjudication of the propriety of that claim.

8.   You are required to furnish all information that is available to you or subject to your reasonable inquiry including information in the possession of your agents, attorneys,

accountants, advisors or other persons directly or indirectly employed by or connection with, you or your attorneys, and anyone else otherwise subject to your control.

9. The term "knowledge" means first-hand information and/or information derived from any other source including hearsay knowledge.

10. The term "communication[s]" means all communications of any nature whatsoever, whether oral or in writing.

11. The term "gender" shall include the male as well as the female, and the singular pronoun shall include the plural.

12. Each of the following requests is continuing in nature. In the event that Defendant, at any later date, shall obtain any fact, make any assumption or contention, reaches any conclusion or opinions different from or supplementary to those set forth in the answers to these requests then in such event Defendant should amend said answers promptly and sufficiently prior to trial or test, fully setting forth such information.

**Special Definition**

In answering these Interrogatories you are advised of the following definition:

a. "Premises", "Premises in question", "parking lot", and "crosswalk", shall refer to the crosswalk, which leads from the parking lot, which runs between Wal-Mart Supercenter No. 1311 and Sam's Club No. No. 8213, and which is located in Muscogee County, Georgia at 5448 Whittlesey Blvd., Suites A and B, Columbus GA 31909-7298 to the front entrance of Sam's Club No. 8213. A photograph of the premises is attached hereto, as Exhibit A, for reference.

b. "Water meter" shall refer to, what appears to be a water meter cover, as depicted in Exhibit A, attached hereto.

c. "Incident" or "incident in question" shall refer to the April 10, 2020, fall, which the Plaintiff experienced in the parking lot, which runs between Wal-Mart Supercenter No. 1311 and Sam's Club No. No. 8213, and which is located in Muscogee County, Georgia at 5448 Whittlesey Blvd., Suites A and B, Columbus GA 31909-7298, and which is more fully set forth in Plaintiff's Complaint for Damages.

d. "Defect", "Hazard", or "Condition" refer to the water meter cover, which Plaintiff contends caused her fall, and which is more fully set forth in Plaintiff's Complaint for Damages.

**Specific Requests:**

1. Any and all documents evidencing your ownership of the premises in question.

2. Any and all contracts between the defendant and any maintenance and/or repair service in effect at the time of plaintiff's injury.

3. Any and all leases, contracts, or other agreements through which this defendant came to occupy the premises in question.

4. Any contract between this defendant and any person or entity, including any and all co-defendants, responsible for maintaining the area of the fall, at the time of plaintiff's injuries.

5. Any and all documentation regarding the ownership, operation, repair, and maintenance, of the area in question, and which is described in Plaintiff's Complaint.

6. Any indemnity agreement between any of the parties to this case.

7. Any indemnity agreement between any party to this case and nonparty, which is relevant to the incident and injuries made the basis of this suit.

8. A copy of any legal documents that document defendant's status as a legal entity, corporation, partnership, sole proprietorship, or joint venture.

9. Any joint venture agreement between the parties or between any party to this suit and any non-party regarding the ownership, operation, repair, maintenance, advertising, security or other service of or for the premises in question.

10. Any rules, management guidelines, operating guidelines, or other similar writing or document that purports to show operating procedures for the management, care, maintenance, repair, cleaning and service of the parking lot at the Sam's Club No. 8213.

11. Any and all photographs, or video tape, that defendant has of the incident itself, the scene of the incident or the resulting injuries to the plaintiff.

12. Any and all expert reports which have been obtained from any expert and if a report has not been prepared, the preparation of a report is hereby requested.

13. Any and all insurance agreements or policies under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment which may be rendered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

14. Copies of any and all statements previously made by plaintiff concerning the subject matter of this lawsuit, including any written statement signed or otherwise adopted or approved by the plaintiff hereto and any stenographic, mechanical, electrical, or other type of recording or any transcription thereof made by plaintiff hereto and contemporaneously recorded.

15. Copies of any and all statements previously made by any person concerning the subject matter of this lawsuit, including any written statement signed or otherwise adopted or approved by the plaintiff hereto and any stenographic, mechanical, electrical, or other type of recording or any transcription thereof made by plaintiff hereto and contemporaneously recorded.

16. Any and all drawings, maps, or sketches of the scene of the incident that has been made the basis of this lawsuit.

17. Any and all settlement agreements, wherein you have arrived at a settlement or agreement between you and any other person, whether or not a party to this lawsuit, regarding or pertaining to the incident made the basis of this lawsuit or any damages resulting therefrom.

18. A copy of any surveillance movies or photographs which have been made of the scene of the incident for a period of four hours prior to the incident until four hours after the incident.

19. A copy of any surveillance movies or photographs, which have been made of the plaintiff.

20. Any and all incident reports, report of visitor injury or other type of documentation, which purports to evidence the facts surrounding this incident and the investigation into said incident.

21. Any and all incident reports, report of visitor injury or other type of documentation, which purports to evidence any and all individuals claiming to have tripped over the same water meter hole that the Plaintiff claims to have caused her fall.

22. Any and all expert reports that were or will be reviewed by any expert in this case.

23. Any and all expert reports or things that were or will be relied upon in whole or in part by any testifying expert in this case.

24. Any and all work papers, notes, documents in the file of any expert witness who is expected to testify, or in the file of any expert witness who has written a report which is or will be relied upon in whole or in part by a testifying expert.

25. All documents or tangible things prepared by any expert whom you expect to call as a witness, including but not limited to those, which would include his report, factual observations, opinions, conclusions, photographs, field notes, calculations, models, and exhibits.

26. Any treatises or authoritative literature on which any expert intends to rely in his testimony in this case.

27. Copies of reports of all similar incidents prepared by any and all employees of the premises in question from one year prior to the incident up to and through the present.

28.    A current copy of the curriculum vitae together with any other documents in your possession pertaining to the credentials and qualifications of any and all experts to be called by Defendant to testify at trial.

29.    All materials including, but not limited to, policies, procedures, employee manuals, memoranda, and correspondence pertaining to safety rules and/or regulations to be followed by the employees of this defendant, after an incident wherein an injury occurs.

30.    All materials including, but not limited to, policies, procedures, employee manuals, memoranda, and correspondence pertaining to rules and/or regulations to be followed by the employees of this defendant when in the process of performing any type of maintenance or repair on the parking lot.

31.    All materials including, but not limited to, employee manuals, memoranda, and correspondence pertaining to safety rules and/or regulations to be followed by the employees of this defendant when in the process of performing any type of maintenance or repair on the parking lot.

32.    Any and all documents, which in any way whatsoever, pertains to maintaining, repairing, resurfacing, repaving and/or repainting the area of the parking lot, where Plaintiff claims to have fallen.

33.    Please provide copies of any and all documentation, which would evidence any and all maintenance, repair, change, alteration, or other work done to the area where the incident occurred, including but not limited to any and all resurfacing, repaving, and/or repaiting the lines or the wording that is on the surface of said parking lot, at any time, since the parking lot was originally constructed.

34.    Any and all books, documents, photographs, or other tangible things which may be used at the time of trial, which may have a bearing on this cause of action.

35.    Any and all documents and tangible things whose production has not been requested pursuant to any other item of this request which you intend to offer into evidence at the trial of this case.

36.    Any and all documents and tangible things whose production has not been requested pursuant to any other item of this request which you do not intend to offer into evidence at the trial of this case, but which may be used as demonstrative evidence at trial.

37.    Copies of any and all documents, which would evidence any and all inspections of the area where the incident occurred, at any time, since the parking lot was originally constructed.

38.    Copies of any and all records (including but not limited to Plaintiff's medical records), memorandum, billing statements (including but not limited to billing statements of Plaintiff's medical providers), notes, or other documentation of any kind, which is received

as a result of any and all non-party requests for the production of documents sent out by, or on behalf of, Defendant.

This 22nd day of December 2021.

/s/ Michael R. Braun
Michael R. Braun
Georgia Bar No. 078534
Attorney for Plaintiff

Law Office of Michael R. Braun
445 Franklin Gateway SE
Marietta, Ga 30067
(770) 421-6888
Michael@GeorgiaInjury.com

Exhibit A



GEORGIA, MUSCOGEE COUNTY
SUPERIOR/STATE COURT
eFILED
12/22/2021 11:56 AM
DANIELLE F. FORTE, CLERK

## IN THE STATE COURT OF MUSCOGEE COUNTY
## STATE OF GEORGIA

VICKIE BENTON,                          :
                                        :
        Plaintiff,                   :
                                        :        **CIVIL ACTION FILE**
vs.                                     :
                                        :        **No.**
                                        :
SAM'S EAST, INC., WAL-MART              :
STORES EAST, LP.,WAL-MART               :
STORES, INC., SAM'S REAL ESTATE         :
BUSINESS TRUST, WAL-MART REAL           :
ESTATE BUSINESS TRUST, JOHN             :
DOE,  ABC CORPORATION 1, and            :
ABC CORPORATION 2,                      :
                                        :
        Defendants.                  :
                                        :

## PLAINTIFF'S FIRST INTERROGATORIES
## TO DEFENDANT, WAL-MART INCORPORATED

To:    Wal-Mart Incorporated
       By and trough their Registered Agent, to wit:
       Corporation Process Company
       106 Colony Park Drive, Suite 800-B
       Cumming, Ga 30040-2794

       COMES NOW, Plaintiff, pursuant to O.C.G.A. §9-11-33 submits herewith to this

Defendant, for response within thirty-three (33) days after service hereof, in the form provided by

law, the following attached Interrogatories,

**Definitions and Instructions**

1.     These discovery requests are intended to cover all information and documents in your
       possession or control, or subject to your control, wherever located.

2.     The term "person[s]" means any natural person, firm, partnership, joint venture,
       corporation, or any judicial person, or any other legal entity.

3.     The words "identify," "identity," or "identification," mean as follows:
       a.  When used in reference to a natural person, you are required to state his or her full

name and present or last known address, his or her present or last known position and business affiliation.

b. When used in reference to a corporation, you are required to state its full name, its principal place of business, its state of incorporation, its date of incorporation, and its principal executive officer.

c. When used in reference to a location, you are required to state the street address, city, state, suite and/or room number.

d. When used in reference to a meeting, you are required to state the date of the meeting, the place of the meeting, the identity of each and every person present at the meeting, a general description of substance of the discussions and the decisions (if any) reached at or as a result of the meeting, the identity of each and every document concerning what occurred at the meeting, and the identity of each and every document concerning any of the subjects discussed or to be discussed at the meeting, including agenda.

e. When used in reference to an oral conversation, you are required to state the date of the conversation, the place of the conversation, the identity of each and every person who participated in the conversation or who was present during the conversation, a general description of the substance of the conversation, and the identity of each and every document concerning the conversation.

f. When used in reference to a document, your description should include, but not be limited to, the name, address, telephone number, occupation, job title and employer of the present custodian of the document; the date of the making of the document and the name, address, telephone number, occupation, job title and employer of each person whose testimony could be used to authenticate such document and lay the foundation for its introduction into evidence; its author, it's title (if any), its subject matter, the type of document (e.g., letter, memorandum, telegram, chart, computer input or printout, photograph, sound reproduction, etc.), its present location and the name of its present custodians, or, if the above information is not available, some other means of identifying it; and if any such document was, but is no longer, in your possession, custody or subject to your control, or in existence, state whether it is (a) missing or lost, (1)) has been destroyed, (c) has been transferred, voluntarily or involuntarily, to others, or (d) otherwise disposed of, and, in each instance, explain the circumstances surrounding the reason for such disposition thereof.

4. The words "document" and "documents" mean all written, recorded, or graphic matters, however produced or reproduced, whether or not privileged, pertaining in any way to the subject matter of this action. This definition includes, but is not limited to, any and all originals, copies, or drafts of any and all of the following: records, notes, summaries, schedules, contracts or agreements, drawings, sketches, invoices, orders or acknowledgments, diaries, reports, memoranda of telephone or in person conversations by or with any person, or any other memoranda, letters, telegrams, telexes or cables prepared, drafted, received or sent, tapes, transcripts or recordings, photographs, pictures or films, computer programs or data or other graphic, symbolic recorded or written materials of any nature whatsoever. Any document, which contains any comment, notation, addition, insertion, or marking of any kind that is not of another document, is to be considered a separate document.

5.   The words "concern," "concerns," or "concerning" include but are not necessarily limited to, containing, referring to, relating to, connected with, about, regarding, mentioning, discussing or describing.

6.   If you claim that the attorney-client privilege or any other privilege is applicable to any interrogatory or request, the substance of that event or information or document need not be disclosed in your answers, but you shall with respect to that document:
   a.   State the date of the event or document;
   b.   Identify each and every participation in the event or author of the document;
   c.   Identify each and every other person who participated in the event or prepared or participated in the preparation of the document;
   d.   Identify each and every person who received the document;
   e.   Identify each and every person from whom the document was received.
   f.   State the present location of the document and all copies thereof.
   g.   Identify each and every person having custody or control of the document and all copies thereof; and
   h.   Provide sufficient further information concerning the event, information or document and the circumstances thereof to explain the claim or privilege and to permit the adjudication of the propriety of that claim.

7.   If you exercise the option under O.C.G.A. §9-11-33(c) to produce business records in lieu of responding to any interrogatory, the following procedure is to be followed:
   a.   In response to each such interrogatory, you are required to identify each said document; and
   b.   In producing such document, you are required to produce said document separately and to designate the interrogatory or interrogatories to which said document responds, as well as the identification of the file(s) from which the documents were segregated.

8.   You are required to furnish all information that is available to you or subject to your reasonable inquiry including information in the possession of your agents, attorneys, accountants, advisors or other persons directly or indirectly employed by or connection with you or your attorneys, and anyone else otherwise subject to your control.

9.   You must make a diligent search of your records and of other papers and materials in your possession or available to you or your representatives. If an interrogatory or request has subparts, answer each part separately in full, and do not limit the answer as a whole. If any interrogatory or requests cannot be answered in full, answer to the extent possible, specify the reason for your inability to answer, and state whether you have information and knowledge regarding the unanswered portion.

10. The term "knowledge" means first-hand information and/or information derived from any other source including hearsay knowledge.

11. The term "communication[s]" means all communications of any nature whatsoever, whether oral or in writing.

3

12. The term "gender" shall include the male as well as the female, and the singular pronoun shall include the plural.

Please be advised that each of the following interrogatories is continuing in nature. In the event that Defendant, at any later date, shall obtain any fact, make any assumption or contention, reaches any conclusion or opinions different from or supplementary to those set forth in the answers to these interrogatories, then in such event Defendant should amend said answers promptly and sufficiently prior to trial or test, fully setting forth such information.

## Special Definition

In answering these Interrogatories, you are advised of the following definition:

a.    "Premises", "Premises in question", "parking lot", and "crosswalk", shall refer to the crosswalk, which leads from the parking lot, which runs between Wal-Mart Supercenter No. 1311 and Sam's Club No. No. 8213, and which is located in Muscogee County, Georgia at 5448 Whittlesey Blvd., Suites A and B, Columbus GA 31909-7298 to the front entrance of Sam's Club No. 8213. A photograph of the premises is attached hereto, as Exhibit A, for reference.

b.    "Water meter" shall refer to, what appears to be a water meter cover, as depicted in Exhibit A, attached hereto.

c.    "Incident" or "incident in question" shall refer to the April 10, 2020, fall, which the Plaintiff experienced in the parking lot, which runs between Wal-Mart Supercenter No. 1311 and Sam's Club No. No. 8213, and which is located in Muscogee County, Georgia at 5448 Whittlesey Blvd., Suites A and B, Columbus GA 31909-7298, and which is more fully set forth in Plaintiff's Complaint for Damages.

d.    "Defect", "Hazard", or "Condition" refer to the water meter cover, which Plaintiff contends caused her fall, and which is more fully set forth in Plaintiff's Complaint for Damages.

## Interrogatories

1.    State the name, address, and registered agent of the owner of the area of the Premises in question, as defined above.

2.    State the full name, address, job title, and present employer of each person answering and assisting in answering these Interrogatories on behalf of the Defendant?

3.    Has the Defendant been sued under his/its correct name? If not, please state the correct name and explain your answer so that service may be properly obtained.

4

4. Does any primary and/or excess insurance agreement or bond exist under the terms of which the person or company issuing the same may be called upon to satisfy all or part of any judgment which may be entered in favor of the Plaintiff in this action?

   a. If such an insurance agreement or bond does exist, what are the limits of liability contained in the terms of each such agreement?

   b. If such an insurance agreement or bond does exist, what are the legal names of each and every party to each agreement itself and to any further or subordinate agreement, which in any way relates to the terms of any such agreement?

   c. What is the amount of any deductible or self-insured retention as to each such agreement?

5. State the name and address of the person or entity in control of that area of the premises where the incident in question occurred, at the time of the occurrence.

6. State the name address and telephone number of the store manager of the Wal-Mart Supercenter Store No. 1311, on April 10, 2020.

7. State the name address and telephone number of the assistant store manager of the Wal-Mart Supercenter Store No. 1311, on April 10, 2020.

8. State each and every change, repair, instance of maintenance, and/or alteration of the recessed water meter, which plaintiff alleges to have been the cause of the incident in question, or the surrounding crosswalk, at any time before or after the incident at issue, including a description of what was done, the associated cost, and the name address and telephone number of the contractor, subcontractor, or other entity or individual, that effectuated said change or alteration.

9. State the name, address, and telephone number of each and every contractor, subcontractor and/or other entity or individual that installed the water meter, and/or water meter cover, which is depicted in exhibit A, attached hereto.

10. State the name, address, and telephone number of each and every contractor, subcontractor and/or other entity or individual that has, at any time, performed any type of maintenance or repair on the parking lot, which is at issue herein. Your response shall include, but not be limited to, each and every instance of painting, resurfacing, repaving, or other change in the surface of the area of the parking lot, which is at issue, including the crosswalk.

11. State the name and address of each person, including experts, having any knowledge of relevant facts related to the incident which is the basis of this suit, the cause thereof, or the damages resulting therefrom.

12. State the name, address and telephone number of any persons who witnessed the occurrence in question.

13. State the name and address of any potential party to this lawsuit, not already named as party hereto.

14. Only if you allege any defense to this action based on jurisdiction, venue, issuance of process, process itself, or service of process, as to each such defense, please state:
   a. Each and every fact upon which you rely in asserting such defense;
   b. Provide a complete description of all documents which you contend support the assertions of the said defense;
   c. The name and address of all persons having custody and control of the documents described in (b) above; and
   d. Please provide the full and complete legal addresses of this Defendant's registered office and agent.

15. If you contend that any person, firm, or entity caused or contributed to the injuries to the Plaintiff, identify by name, address, job title, and employer all such persons, firms or entities and state the reasons for your contentions.

16. Please state whether or not you have a copy of any statement, which the plaintiff has previously made concerning this action or its subject matter and which is in your possession, custody or control.

17. Identify each oral or written statement or transcript that has been taken from any person or persons purporting to have knowledge with regards to the incident or any other contention involved in this action, by stating the name of the person giving each statement, the date thereof, the type of statement (i.e. oral, written, recorded, etc.) and the name and address of the custodian of any copy thereof.

18. Describe any insurance agreement under which insurance business may be liable to satisfy part or all of the judgment which may be entered in this action, or to indemnify or reimburse for payments made to satisfy the judgment, by stating the name of the person or entity insured the name of the insurer and the amount of any liability insurance coverage.

19. Describe defendant's contentions as to how the incident which forms the basis of this suit occurred and state specifically and in detail what the claim or contention of the defendant will be regarding any cause or contributing cause of the incident, including a statement in detail of the facts or information upon which this contention is based.

20. Describe in detail any conversations that any employee or agent for defendant has had with the plaintiff or plaintiff's representative following the incident in question.

21. State the full name, current address, telephone number, qualifications, and present employment of each person who you expert to call as an expert witness at the trial of this case, the subject matter on which each expert is expected to testify, the substance of the facts and opinions to which each expert is expected to testify and the summary of the grounds for each opinion expected to be expressed by such expert.

6

22.     State whether any expert whom you expect to call as a witness has prepared a report formal or informal and if so state the date(s) of such report(s) and to whom addressed.

23.     Please state the name and address of each expert consulted whose report or work product will be relied upon in whole or in part by any expert witness whom you expect to call at the trial of this case.

24.     Please describe any claims or lawsuits that have heretofore been brought against this defendant by reason of the incident or injury at the same or similar location or a similar type of incident on the defendant's premises at some other location.

25.     Please describe in detail any changes that have been made by this Defendant to the physical site of the incident or to the warning or signs relating thereto since the occurrence in question.

26.     Did the defendant conduct an investigation of the incident that forms the basis of this suit?  If your answer is in the affirmative, please state the name of the person or persons who conducted the investigation, as well as a description of any and all results of said investigation.

27.     What is the defendant's contention as to the cause of the incident that forms the basis of this lawsuit?

28.     What is the defendant's contention as to the plaintiff's legal status on the premises at the time of the occurrence in question, that is, whether plaintiff was a business invitee, licensee or trespasser?

29.     If you contend that the plaintiff was not a business invitee at the time of the occurrence in question, please state and describe each fact document or thing upon which you base such a contention.

30.     When was the date and time of the last inspection by defendant, its agents or employees, of the physical site where this incident occurred?

31.     Please state whether defendant was aware that the water meter, which is at issue herein, was recessed from the roadway, and not level to the roadway.

32.     Describe what efforts the defendant made to warn the public of the recessed water meter, which plaintiff alleges to be the cause of the occurrence in question, at any time prior to the time of the incident in question.

33.     What is the Defendant's contention as to the Plaintiff's knowledge (before the incident), objective or subjective, of the recessed water meter that plaintiff alleges to be the cause of the occurrence in question?

34.   What efforts were made by the defendant to make the crosswalk level, in the area of the recessed water meter, which plaintiff contends caused the occurrence in question, *before* the incident in question.

35.   What efforts were made by the defendant to make the crosswalk level, in the area of the recessed water meter, which plaintiff contends caused the occurrence in question, *after* the incident in question.

36.   Does the Defendant contend that the plaintiff consumed alcoholic beverages or drugs at the time of or immediately preceding the time of the accident?

37.   Did the defendant have any procedures for regular inspection of the premises at the time of the occurrence in question: if so, please describe.

38.   Please identify all photographs, motion pictures, video, TV recording, maps, drawings charts diagrams measurements, surveys, incident reports, or other documents concerning the events and happenings made the basis of this lawsuit, the area of the occurrence made the basis of this lawsuit, persons or objects involved, either made before, at the time of or after the time of the events in question, including any photographs made of you at any time since the incident made the basis of this lawsuit, that you, your attorney, your insurance carrier or anyone acting on your or their behalf, have or know of.

39.   Please state the name and address of each and every person who was employed by this Defendant and who was working in the area of the incident, at said store within a hour before and two hours after the incident in question.

This 22nd day of December 2021.

/s/ Michael R. Braun
Michael R. Braun
Georgia Bar No. 078534
Attorney for Plaintiff

Law Office of Michael R. Braun
445 Franklin Gateway SE
Marietta, Ga 30067
(770) 421-6888
Michael@GeorgiaInjury.com

8

# Exhibit A



GEORGIA, MUSCOGEE COUNTY
SUPERIOR/STATE COURT
eFILED
12/22/2021 11:56 AM
DANIELLE F. FORTE, CLERK

## IN THE STATE COURT OF MUSCOGEE COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **VICKIE BENTON,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CIVIL ACTION FILE** |
| **vs.** | : | |
| | : | **No.** |
| | : | |
| SAM'S EAST, INC., WAL-MART | : | |
| STORES EAST, LP., WAL-MART | : | |
| STORES, INC., SAM'S REAL ESTATE | : | |
| BUSINESS TRUST, WAL-MART REAL | : | |
| ESTATE BUSINESS TRUST, JOHN | : | |
| DOE,  ABC CORPORATION 1, and | : | |
| ABC CORPORATION 2, | : | |
| | : | |
| **Defendants.** | : | |

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS OF FACT TO DEFENDANT, WAL-MART INCORPORATED

TO:  Wal-Mart Incorporated
By and trough their Registered Agent, to wit:
Corporation Process Company
106 Colony Park Drive, Suite 800-B
Cumming, Ga 30040-2794

COMES NOW Plaintiff and, pursuant to O.C.G.A. §9-11-36, files and serves the within and following Plaintiff's First Requests for Admissions of Fact, and hereby requests that this Defendant make the following admissions, for the purposes of the pending action only, of the truth of the matters herein below set forth:

**Prefatory Note**

You are hereby notified, pursuant to O.C.G.A. § 9-11-37(c), that if you fail to admit the truth of any matter or the genuineness of any document as requested under O.C.G.A §9-11-36, and if this Plaintiff thereafter proves the truth of any such matter or the genuineness of any such

document, this Plaintiff will apply to the Court for an order requiring you to pay this Plaintiff the reasonable expenses incurred in making that proof, including reasonable attorney's fees.

**Special Definition**

In answering these Interrogatories you are advised of the following definition:

a.    "Premises", "Premises in question", "parking lot", and "crosswalk", shall refer to the crosswalk, which leads from the parking lot, which runs between Wal-Mart Supercenter No. 1311 and Sam's Club No. No. 8213, and which is located in Muscogee County, Georgia at 5448 Whittlesey Blvd., Suites A and B, Columbus GA 31909-7298 to the front entrance of Sam's Club No. 8213. A photograph of the premises is attached hereto, as Exhibit A, for reference.

b.    "Water meter" shall refer to, what appears to be a water meter cover, as depicted in Exhibit A, attached hereto.

c.    "Incident" or "incident in question" shall refer to the April 10, 2020, fall, which the Plaintiff experienced in the parking lot, which runs between Wal-Mart Supercenter No. 1311 and Sam's Club No. 8213, and which is located in Muscogee County, Georgia at 5448 Whittlesey Blvd., Suites A and B, Columbus GA 31909-7298, and which is more fully set forth in Plaintiff's Complaint for Damages.

d.    "Defect", "Hazard", or "Condition" refer to the water meter cover, which Plaintiff contends caused her fall, and which is more fully set forth in Plaintiff's Complaint for Damages.

**Please admit or deny the truthfulness of the following:**

1.    Do you admit or deny that venue for this lawsuit is proper in Muscogee County?

2.    Do you admit or deny that jurisdiction for this lawsuit is proper in Muscogee County?

3.    Do you admit or deny that this Defendant has been properly served with a copy of a Complaint in this lawsuit?

4.    Do you admit or deny that Wal-Mart, Inc. was a corporation on the date of the incident in question?

5.    Do you admit or deny that, on the date of the incident in question, this Defendant owned and operated the parking lot, which runs between Wal-Mart Supercenter No. 1311 and Sam's Club No. No. 8213, and which is located in Muscogee County, Georgia at 5448 Whittlesey Blvd., Suites A and B, Columbus GA 31909-7298?

6. Do you admit or deny that on April 10, 2020, the Plaintiff was an invitee on the premises in question and at the time of the incident in question?

7. Do you admit or deny that, on the date of the incident in question, Defendant John Doe, as the Manager of Wal-Mart Supercenter No. 1311, was an agent of this Defendant?

8. Do you admit or deny that, on the date of the incident in question, Defendant John Doe, as the Manager and agent of Wal-Mart Supercenter Store No. 1311, had supervisory control over Wal-Mart Supercenter Store No. 1311, including the parking lot, which runs between Wal-Mart Supercenter No. 1311 and Sam's Club No. No. 8213, and which is located in Muscogee County, Georgia at 5448 Whittlesey Blvd., Suites A and B, Columbus GA 31909-7298?

9. Do you admit or deny that, on the date of the incident in question, Defendant John Doe, as the Manager and agent of Wal-Mart Supercenter Store No. 1311, had a duty to keep and maintain all areas of the parking lot, which runs between Wal-Mart Supercenter No. 1311 and Sam's Club No. No. 8213, and which is located in Muscogee County, Georgia at 5448 Whittlesey Blvd., Suites A and B, Columbus GA 31909-7298, safe for invitees?

10. Do you admit or deny that, on the date of the incident in question, Defendant John Doe, as the Manager and agent of Wal-Mart Supercenter Store No. 1311, had a duty to inspect, maintain, and repair the parking lot, which runs between Wal-Mart Supercenter No. 1311 and Sam's Club No. No. 8213, and which is located in Muscogee County, Georgia at 5448 Whittlesey Blvd., Suites A and B, Columbus GA 31909-7298 on behalf of the owners?

11. Do you admit or deny that, on the date of the incident in question, Defendant John Doe, as the Manager and agent of Wal-Mart Supercenter Store No. 1311, had a duty to oversee the inspection, maintenance, and repair of the parking lot, which runs between Wal-Mart Supercenter No. 1311 and Sam's Club No. No. 8213, and which is located in Muscogee County, Georgia at 5448 Whittlesey Blvd., Suites A and B, Columbus GA 31909-7298, on behalf of the owners?

12. Do you admit or deny that the water meter, as depicted in Exhibit A, attached hereto, is recessed, and not level with the rest of the parking lot?

13. Do you admit or deny that the recessed water meter, as depicted in Exhibit A, attached hereto, is a hazardous condition?

14. Do you admit or deny that on April 10, 2020, this Defendant was responsible for ensuring the safety of its customers as they traversed the area where the incident in question occurred?

15. Do you admit or deny that on April 10, 2020, the Plaintiff fell, due the presence of a recessed water meter, in the parking lot, which runs between Wal-Mart Supercenter No. 1311 and Sam's Club No. No. 8213, and which is located in Muscogee County, Georgia

at 5448 Whittlesey Blvd., Suites A and B, Columbus GA 31909-7298?

16. Do you admit or deny that this Defendant, or an agent or employee thereof, had an obligation to exercise ordinary care in an effort to keep the area where the incident in question occurred, in a safe condition?

17. Do you admit or deny that this Defendant breached its duty, as described in Request for Admission of Fact number 16?

This 22nd day of December 2021.

/s/ Michael R. Braun _____
Michael R. Braun
Georgia Bar No. 078534
Attorney for Plaintiff

Law Office of Michael R. Braun
445 Franklin Gateway SE
Marietta, Ga 30067
(770) 421-6888
Michael@GeorgiaInjury.com

Exhibit A



GEORGIA, MUSCOGEE COUNTY
SUPERIOR/STATE COURT
eFILED
1/28/2022 11:36 AM
DANIELLE F. FORTE, CLERK

IN THE STATE COURT OF MUSCOGEE COUNTY
STATE OF GEORGIA

VICKIE BENTON,                              Civil Action File No.
                                            SC2021CV001593

      Plaintiff,

v.

SAM'S EAST, INC., WAL-MART STORES
EAST, LP, WAL-MART STORES, INC.,
SAM'S REAL ESTATE BUSINESS TRUST,
WAL-MART REAL ESTATE BUSINESS
TRUST, JOHN DOE, ABC CORPORATIONS 1
And 2

      Defendants.

_____/

## ANSWER OF DEFENDANTS

COME NOW, Defendants SAM'S EAST, INC., WAL-MART STORES EAST,

LP (erroneously named), WAL-MART STORES, INC. (erroneously named),

SAM'S REAL ESTATE BUSINESS TRUST, and WAL-MART REAL ESTATE

BUSINESS TRUST, (erroneously named), hereinafter referred to as "Defendants",

appearing specially and without submitting to the jurisdiction of the Court, and

make this Answer to Plaintiff's Complaint as follows:

### FIRST DEFENSE

Wal-Mart Stores East, LP is not a proper Defendant.

## SECOND DEFENSE

Wal-Mart Stores, Inc. (now known as Walmart Inc.) is not a proper Defendant.

## THIRD DEFENSE

Wal-Mart Real Estate Business Trust is not a proper Defendant.

## FOURTH DEFENSE

Plaintiff's Complaint fails to state a claim against Defendants upon which relief can be granted.

## FIFTH DEFENSE

Plaintiff's alleged damages, if any, were directly and proximately caused by Plaintiff's own contributory negligence and failure to exercise ordinary care.

## SIXTH DEFENSE

Plaintiff was not in the exercise of ordinary care for her own safety in the premises, and by the exercise of ordinary care could have avoided any injury to herself; and on account thereof, Plaintiff is not entitled to recover from Defendants.

## SEVENTH DEFENSE

Defendants deny that they were negligent in any manner whatsoever or

that any negligent act or omission on their part caused or contributed to any injury or damage alleged to have been sustained by Plaintiff.

## EIGHTH DEFENSE

Plaintiff assumed the risk of any hazard that was presented and is thereby barred from recovering against Defendants.

## NINTH DEFENSE

Defendants respond to the enumerated paragraphs of Plaintiff's Complaint as follows:

1.

Defendants deny the allegations contained in paragraph 1 of the Plaintiff's Complaint.

2.

Defendants deny the allegations contained in paragraph 2 of the Plaintiff's Complaint.

3.

Defendants deny the allegations contained in paragraph 3 of the Plaintiff's Complaint.

4.

Defendants admit only that Sam's Real Estate Business Trust is the landlord

of a Sam's located at 5448 Whittlesey Blvd, Columbus, GA. The Defendants deny all other allegations contained in paragraph 4 of the Plaintiff's Complaint.

5.

Defendants admit only that Wal-Mart Real Estate Business Trust is the landlord of a Walmart located at 5448 Whittlesey Blvd., Columbus, GA. The Defendants deny all other allegations contained in paragraph 5 of the Plaintiff's Complaint.

6.

Defendants deny the allegations contained in paragraph 6 of the Plaintiff's Complaint.

7.

Defendants deny the allegations contained in paragraph 7 of the Plaintiff's Complaint.

8.

Defendants deny the allegations contained in paragraph 8 of the Plaintiff's Complaint.

**Agency**

9.

Defendants deny the allegations contained in paragraph 9 of the Plaintiff's Complaint.

**Facts**

10.

Defendants deny the allegations contained in paragraph 10 of the Plaintiff's Complaint.

11.

Defendants deny the allegations contained in paragraph 11 of the Plaintiff's Complaint, and show that Wal-Mart Stores East, LP is not a proper defendant.

12.

Defendants deny the allegations contained in paragraph 12 of the Plaintiff's Complaint, and show that Wal-Mart Stores, Inc. is not a proper defendant.

13.

Defendants admit only that Sam's Real Estate Business Trust is the landlord of a Sam's located at 5448 Whittlesey Blvd., Columbus, GA.  The Defendants deny all other allegations contained in paragraph 13 of the Plaintiff's Complaint.

14.

Defendants admit only that Wal-Mart Real Estate Business Trust is the

landlord of a Walmart located at 5448 Whittlesey Blvd., Columbus, GA.   The Defendants deny all other allegations contained in paragraph 14 of the Plaintiff's Complaint.

15.

Defendants deny the allegations contained in paragraph 15 of the Plaintiff's Complaint.

16.

Defendants deny the allegations contained in paragraph 16 of the Plaintiff's Complaint.

17.

Defendants deny the allegations contained in paragraph 17 of the Plaintiff's Complaint.

## Negligence

18.

Defendants incorporate by reference their responses to paragraphs 1-17 as if restated herein.

19.

Defendants deny the allegations contained in paragraph 19 of the Plaintiff's Complaint.

20.

Defendants deny the allegations contained in paragraph 20 of the Plaintiff's Complaint.

21.

Defendants deny the allegations contained in paragraph 21 of the Plaintiff's Complaint.

22.

Defendants deny the allegations contained in paragraph 22 of the Plaintiff's Complaint.

**Damages**

23.

Defendants incorporate by reference their responses to paragraphs 1-22 as if restated herein.

24.

Defendants deny the allegations contained in paragraph 24 of the Plaintiff's Complaint.

25.

Defendants deny the allegations contained in paragraph 25 of the Plaintiff's Complaint.

26.

Defendants deny the allegations contained in paragraph 26 of the Plaintiff's Complaint.

27.

Defendants deny the allegations contained in paragraph 27 of the Plaintiff's Complaint.

28.

All other allegations contained in the Complaint which are not specifically responded to herein, are, therefore, denied.

29.

Defendants deny Plaintiff's prayer for relief, including subparagraphs a., b., c., d., e. and f. thereof.

WHEREFORE, Defendants pray that Plaintiff's Complaint be dismissed with all costs cast upon the Plaintiff.  DEFENDANTS DEMAND TRIAL BY A JURY OF TWELVE (12) PERSONS AS TO ALL ISSUES SO TRIABLE.

McLAIN & MERRITT, P.C.

/s/ Mark L. Pickett

Mark L. Pickett
Georgia Bar No. 578190
Attorney for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing ANSWER OF DEFENDANTS SAM'S EAST, INC. ,WAL-MART STORES EAST, LP, WAL-MART STORES, INC., SAM'S REAL ESTATE BUSINESS TRUST, and WAL-MART REAL ESTATE BUSINESS TRUST has this day been filed and served upon opposing counsel via Odyssey E-File.

This the __28th__ day of January, 2022.

McLAIN & MERRITT, P.C.

_/s/ Mark L. Pickett_
Mark L. Pickett
Georgia Bar No. 578190
Attorney for Defendants

3445 Peachtree Road, N.E. ,Suite 500
Atlanta GA  30326
(404) 365-4516
(404) 364-3138 (fax)
mpickett@mmatllaw.com

GEORGIA, MUSCOGEE COUNTY
SUPERIOR/STATE COURT
eFILED
1/28/2022 11:36 AM
DANIELLE F. FORTE, CLERK

## IN THE STATE COURT OF MUSCOGEE COUNTY
## STATE OF GEORGIA

VICKIE BENTON,                                           Civil Action File No.
                                                        SC2021CV001593

        Plaintiff,

v.

SAM'S EAST, INC., WAL-MART STORES
EAST, LP, WAL-MART STORES, INC.,
SAM'S REAL ESTATE BUSINESS TRUST,
WAL-MART REAL ESTATE BUSINESS
TRUST, JOHN DOE, ABC CORPORATIONS 1
And 2

        Defendants.

_____/

## **CERTIFICATE REGARDING DISCOVERY**

Pursuant to Uniform State Court Rule 5.2, as amended, the undersigned hereby certifies that the following discovery has been served upon all persons identified in the Certificate of Service attached hereto and incorporated herein by reference:

1) DEFENDANTS SAM'S EAST, INC. and SAM'S REAL ESTATE BUSINESS TRUST'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS; and

3) DEFENDANTS WAL-MART STORES EAST, LP, WAL-MART STORES, INC. and WAL-MART REAL ESTATE BUSINESS TRUST'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS

McLAIN & MERRITT, P.C.

*/s/ Mark L. Pickett*
Mark L. Pickett
Georgia Bar No. 578190
Attorney for Defendants

3445 Peachtree Road, N.E. Suite 500
Atlanta GA  30326
(404) 365-4516
(404) 364-3138 (fax)
Mpickett@mmatllaw.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing **CERTIFICATE**

**REGARDING DISCOVERY** has this day been filed and served upon opposing

counsel via Odyssey eFileGA.

This the <u>28th</u> day of January, 2022.

McLAIN & MERRITT, P.C.

*/s/ Mark L. Pickett*
Mark L. Pickett
Georgia Bar No. 578190
Attorney for Defendants

3445 Peachtree Road, N.E. Suite 500
Atlanta GA  30326
(404) 365-4516
(404) 364-3138 (fax)
Mpickett@mmatllaw.com

GEORGIA, MUSCOGEE COUNTY
SUPERIOR/STATE COURT
eFILED
1/28/2022 11:36 AM
DANIELLE F. FORTE, CLERK

IN THE STATE COURT OF MUSCOGEE COUNTY
STATE OF GEORGIA

VICKIE BENTON,                                   Civil Action File No.
                                                 SC2021CV001593

          Plaintiff,

v.

SAM'S EAST, INC., WAL-MART STORES
EAST, LP, WAL-MART STORES, INC.,
SAM'S REAL ESTATE BUSINESS TRUST,
WAL-MART REAL ESTATE BUSINESS
TRUST, JOHN DOE, ABC CORPORATIONS 1
And 2

          Defendants.

_____/

## **12-PERSON JURY DEMAND**

COMES NOW Defendants, SAM'S EAST, INC. WAL-MART STORES

EAST, LP, WAL-MART STORES, INC, SAM'S REAL ESTATE BUSINESS TRUST,

and WAL-MART REAL ESTATE BUSINESS TRUST, and demands a trial by a

jury of twelve (12) persons.

                              McLAIN & MERRITT, P.C.

                              /s/ Mark L. Pickett
                              Mark L. Pickett
                              Georgia Bar No. 578190
                              Attorneys for Defendants

3445 Peachtree Road, N.E., Suite 500
Atlanta GA  30326
(404) 365-4516; mpickett@mmatllaw.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing **12-PERSON JURY**

**DEMAND** has this day been filed and served upon opposing counsel via

Odyssey E-File.

This the <u>28th</u> day of January, 2022.

McLAIN & MERRITT, P.C.

<u>/s/Mark L. Pickett</u>
Mark L. Pickett
Georgia Bar No. 578190
Attorneys for Defendants


3445 Peachtree Road, N.E., Suite 500
Atlanta GA  30326
(404) 365-4516
mpickett@mmatllaw.com