```
          IN THE UNITED STATES DISTRICT COURT
           FOR THE MIDDLE DISTRICT OF GEORGIA
                    COLUMBUS DIVISION

VICKIE BENTON,                  *
,
                                *
     Plaintiff,
                                *
vs.                                    CASE NO. 4:22-cv-22 (CDL)
                                *
SAMS EAST, INC., et al.,
                                *
     Defendants.
                                *
```

O R D E R

Defendants Sam's East, Inc. and Sam's Real Estate Business Trust filed a motion for summary judgment in this trip and fall case on the usual grounds—that the hazard upon which Plaintiff fell was an open and obvious static condition of which Plaintiff had knowledge equal to or superior to Defendants. The only evidence in the record upon which the Court can ascertain whether Defendants' assessment of the hazard is accurate is the photograph of the hazard upon which Plaintiff claims she fell. Based upon the photograph in the record, the Court finds that a genuine factual dispute exists on these issues, precluding summary judgment. The Court observes that the photograph showing the area prior to the changes which were made during the resurfacing project (before Plaintiff's fall) likely would support the conclusion of an open and obvious static condition. But the photograph of the area of the fall at the time of Plaintiff's fall shows a deeper,

more abruptly declining hole with a white paint line directly across the area that arguably obscures the view of the hazard. A genuine fact dispute exists to be resolved by a jury as to whether Defendants are legally responsible for any injuries caused by Plaintiff's fall in this area. Accordingly, Defendants' motion for summary judgment (ECF No. 20) is denied as to Sam's East, Inc. and Sam's Real Estate Business Trust.

Plaintiff does not dispute that Defendants Wal-Mart Stores East, LP, Wal-Mart Stores, Inc., and Wal-Mart Real Estate Business Trust are entitled to summary judgment, so the Court grants summary judgment as to the claims against them. Defendants' motion for a hearing (ECF No. 24) and Plaintiff's motion for leave to file a sur-reply (ECF No. 31) are moot. Plaintiff's motion to strike the notice of non-party fault will be decided after it is fully briefed.

IT IS SO ORDERED, this 9th day of December, 2022.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA